

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# USA v. Newman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Newman" (2004). *2004 Decisions*. Paper 474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4083

UNITED STATES OF AMERICA

v.

PRAYLOR NEWMAN,
                                                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 02-cr-00539-01 )
District Judge:   Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2004
Before:   SLOVITER, BARRY and WEIS, Circuit Judges.

(Filed: July 21, 2004)

_____

OPINION

_____

WEIS, Circuit Judge.

       A jury found defendant Newman guilty of 15 counts of an indictment

charging violations of 18 U.S.C. §§ 2, 371, 922(g)(1), 924(a)(1)(A), 924(e), 1503 and

1

1512(b). He was sentenced to 293-months incarceration.

In his brief, defendant states: "There is one issue raised for review in this case. The issue is an appeal from the denial of a motion to suppress physical evidence." Specifically, the challenged evidence is two handguns found in a vehicle driven by defendant. After an evidentiary hearing, the District Court denied the defendant's motion to suppress.

Police officers testified that defendant and a female companion were observed as they left a tavern and then drove erratically along the road for some distance. Because of previous contacts with defendant, the police were aware that defendant had been guilty of a number of infractions, particularly of the Pennsylvania Motor Vehicle Code. On the evening in question, the police learned that the defendant's driver's license had been suspended and that the license plate on his van was not the one that had been issued for that vehicle.

Based on these factors, the police confronted defendant as he drove the vehicle into a parking area near an apartment building. After learning that defendant did not have registration or insurance documentation, and further that the female passenger did not have a driver's license, the officers determined that the vehicle should be impounded.

Following municipal policy, the police conducted an inventory of the vehicle's contents. On opening the rear door, one of the officers saw the handles of two

Glock handguns projecting from a bag on the floor. Defendant was then arrested and the vehicle was towed to the impoundment area.

In South Dakota v. Opperman, 428 U.S. 364 (1976), the Supreme Court held that inventory searches were reasonable when (1) the vehicle was impounded or in lawful police custody, (2) the search was conducted pursuant to standard police inventory procedures, and (3) the process was aimed at securing the car and its contents. All of those requirements were met in this case.

The District Court found that because of the violations of Pennsylvania law and the fact that the vehicle could not be legally driven, the police properly impounded it. According to departmental policies, an inventory was to be done before the vehicle was towed away and therefore the search in this case was appropriate. The District Court concluded that in these circumstances, the defendant's rights under the Fourth Amendment had not been violated.

Our review of the record convinces us that the District Court's ruling was correct. The vehicle was lawfully taken into police custody at the time of the inventory search. See Commonwealth v. Martinson, 533 A.2d 750, 137-38 (Pa. Super. Ct. 1987). Furthermore, all of the requirements of Opperman were complied with and the information available to the police officers before stopping the vehicle was sufficient to present probable cause.

In any event, in view of the other evidence, if there was error, it was harmless.

Accordingly, the judgment of the District Court will be affirmed.