

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2006

# USA v. Newman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4264

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Newman" (2006). *2006 Decisions*. Paper 886.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/886

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4264

_____

UNITED STATES OF AMERICA

v.

PRAYLOR NEWMAN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00539-1)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
June 15, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

(Filed June 16, 2006)
_____

OPINION

_____

_____

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

REAVLEY, *Circuit Judge.*

Praylor Newman appeals his sentence. He argues that: (1) his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) because the District Court did not sufficiently articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) the District Court erred in using his three prior burglary and three prior drug convictions to enhance his sentence because those convictions had not been proven to a jury beyond a reasonable doubt; and (3) the government lacked the sufficient proof required under *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005) to establish that his pleas to three burglaries under Pennsylvania's non-generic burglary statute brought him within the ambit of the Armed Career Criminal Act (ACCA). For the reasons provided below, we will affirm. We presume the parties' familiarity with the facts and procedural history, which we include only as necessary to explain our decision.

## I.

Newman's advisory sentencing guideline range was determined to be 235 to 293 months. The District Court sentenced Newman to 293 months. Newman argues that his 293 month sentence was unreasonable under *Booker* because the District Court did not sufficiently articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). We have jurisdiction to review sentences for reasonableness under 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). When

2

reviewing a district court's sentence, we must satisfy ourselves that it considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 329. While a court is not required to discuss or make findings as to each of the § 3553(a) factors, the record must demonstrate that it gave "meaningful consideration" to the factors and took them into account in sentencing. *Id.*

> In this case, the relevant § 3553(a) factors are:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.
> . . .

18 U.S.C. § 3553(a); *see Cooper*, 437 F.3d at 329. Where the court imposes a sentence within the applicable sentencing guidelines range, that sentence is not considered reasonable *per se*, but such a sentence is more likely to be reasonable than a sentence outside the sentencing guidelines range. *Cooper*, 437 F.3d at 331.

3

Newman does not explain what factors the District Court failed to consider. Instead, he makes the same argument he made to the District Court at his sentencing – that the majority of his "serious" prior convictions occurred before the age of twenty and there "is substantial empirical evidence that recidivism decreases significantly with the progression and maturation of age." The District Court considered this argument in assessing Newman's sentence. We are satisfied that the record as a whole demonstrates the District Court's meaningful consideration of both the § 3553(a) factors and the issues raised by Newman's counsel.

II.

Newman next argues that the District Court erred in using his three prior burglary and three prior drug convictions to enhance his sentence because those convictions had not been proven to a jury beyond a reasonable doubt. In *Almendarez-Torres v. United States*, 523 U.S. 224, 243, 118 S. Ct. 1219, 1230-31, 140 L.Ed.2d 350 (1998), the Supreme Court concluded that prior convictions which serve to increase the statutory maximum for an offense are not elements of the offense, and therefore, may be established by the sentencing judge by a preponderance of the evidence. This Court has previously held that *Almendarez-Torres* remains good law despite any tensions between that decision and the Supreme Court's later pronouncements in *Shepard*, *Booker*, and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). *United States v. Ordaz*, 398 F.3d 236, 240-41 (3d Cir. 2005). Thus, Newman's argument is

4

foreclosed by circuit precedent and has no merit unless and until the Supreme Court overrules *Almendarez-Torres*.

## III.

Newman finally argues that the government lacked the sufficient proof required under *Shepard* to establish that his pleas to three burglaries under Pennsylvania's non-generic burglary statute qualified him under the ACCA. Newman's argument is unavailing because he stipulated on the record at his first sentencing that his three prior burglaries were of buildings and qualified him as an armed career criminal.

## IV.

For the foregoing reasons, we will AFFIRM the District Court's judgment of sentence.