**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2659
_____

PRAYLOR NEWMAN,
                                          Appellant

v.

MARK A. KIRBY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-04653)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2018

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Praylor Newman, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We will affirm.

In 2003, a jury in the United States District Court for the Eastern District of Pennsylvania found Newman guilty of numerous offenses, including possession of a firearm by a convicted felon. See 18 U.S.C. §§ 922(g)(1). The parties stipulated that Newman qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA) because he had been convicted in Pennsylvania of three prior burglary offenses, see 18 Pa. Cons. Stat. § 3502(a), and three prior drug offenses involving cocaine, see 35 Pa. Cons. Stat. § 780-113(a)(30). See 18 U.S.C. § 924(e). The District Court accepted that stipulation and sentenced Newman to 293 months of imprisonment. Newman appealed.

We affirmed, see United States v. Newman, 104 F. App'x 801, 802 (3d Cir. 2004), but later granted Newman's motion for rehearing, vacated the sentence, and remanded for re-sentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). The District Court resentenced him to the same 293-month term. Newman appealed again, and we affirmed. See United States v. Newman, 186 F. App'x 264, 266 (3d Cir. 2006). Newman next filed a motion under 28 U.S.C. § 2255, which the District Court denied.

In June 2017, Newman filed this § 2241 petition in the District of New Jersey, where he is incarcerated. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). He argued that he is actually innocent of the career offender designation because, under Mathis v.

United States, 136 S. Ct. 2243 (2016), his prior drug and burglary offenses no longer qualify as ACCA predicates. The District Court dismissed the petition for lack of jurisdiction, holding that Newman failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy.[1] See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Newman filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In his § 2241 petition, Newman argued that his Pennsylvania drug convictions do not constitute predicates offenses under the ACCA.[2] To determine whether a prior

---

[1] "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The "savings clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). This narrow exception applies in only rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017). We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge a sentence enhancement based on an intervening change in statutory interpretation, see generally United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015), and we need not do so here.

[2] Newman also argued that his burglary convictions do not qualify as ACCA predicate

conviction qualifies as a predicate offense under the ACCA, we apply the "categorical approach." Under this approach, we compare the elements of the prior crime of conviction with the definitions in the ACCA. Descamps v. United States, 570 U.S. 254, 257 (2013). If the elements of the prior offense are the same as, or narrower than, the federal definitions, then the prior offense can serve as a predicate. Id. But a prior offense cannot qualify as an ACCA predicate if the statute of conviction proscribes conduct that is broader than that which would satisfy the ACCA's definitions. See Mathis, 136 S. Ct. at 2251. When a statute is divisible—that is, if it lists alternative elements, covering some conduct that falls within, and other conduct that is broader than, a predicate offense as defined by the ACCA—the Court may consult "a limited class of documents … to determine which alternative formed the basis of the defendant's prior conviction."[3]

offenses. The Government concedes that, under United States v. Steiner, 847 F.3d 103, 119-20 (3d Cir. 2017), the "burglary convictions are not [ACCA] predicates." Appellee's Br., p. 12.

[3] With respect to the statute pursuant to which Newman's drug convictions occurred, § 780-113(a)(30), we have held that the type of drug, insofar as it increased the possible range of penalties, was an element of the crime; thus § 780-113(a)(30) is divisible and application of the "modified" categorical approach is appropriate. United States v. Abbott, 748 F.3d 154, 160 (3d Cir. 2014); see also United States v. Henderson, 841 F.3d 623, 628 (3d Cir. 2016) (reaffirming, post-Mathis, that the different penalties that apply to different substances under the Pennsylvania Controlled Substances Act render § 780-113(a)(30) divisible for purposes of the ACCA). Newman has not disputed that his prior drug convictions involved cocaine. See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 249 (3d Cir. 2013) ("We generally refuse to consider issues that the parties have not raised below."). And we have held that a "previous conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) for possession with intent to distribute cocaine is a 'serious drug offense' and properly served as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA."). Abbott, 748 F.3d at 160.

Descamps, 570 U.S. at 257 (describing the "modified categorical approach"). In Mathis, the Supreme Court emphasized that a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. Mathis, 136 S. Ct. at 2253.

Newman was convicted under § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." The ACCA defines "serious drug offense" to encompass "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Relying on Mathis, Newman contends that the conduct that constitutes "delivery" under § 780-113(a)(30) is broader than the conduct that constitutes "manufacturing," "distributing," or "possessing" under the ACCA. In particular, he contends that "delivery" under Pennsylvania law can be satisfied by a mere offer to sell, but that an offer to sell would not constitute a "serious drug offense" under the ACCA. We recently held, however, that § 780-113(a)(30) does not criminalize a mere offer to sell. United States v. Glass, 904 F.3d 319, 322-23 (3d Cir. 2018). Therefore, assuming that a challenge to a career offender sentence can be brought in a § 2241 petition, Newman has not shown that there has been an intervening change in law that negates his ACCA

5

sentence.  See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).  Therefore, the District Court properly denied Newman's § 2241 petition.

For the foregoing reasons, we will affirm the District Court's judgment.