PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2216
_____

UNITED STATES OF AMERICA

v.

KEVIN ABBOTT,
                    Appellant
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 2-05-cr-00333-001
(Honorable Cynthia M. Rufe)
_____

ARGUED: January 8, 2014

Before: SMITH, SHWARTZ, and SCIRICA, Circuit Judges

(Filed: April 4, 2014)

Stuart M. Wilder, Esq. [ARGUED]
Pratt, Bret & Luce
68 East Court Street
P.O. Box 659

Doylestown, PA 18901
        *Counsel for Appellant*

Elizabeth F. Abrams, Esq.
Robert A. Zauzmer, Esq. [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellee*

————————————

OPINION OF THE COURT

————————————

SCIRICA, *Circuit Judge*.

We are asked to determine whether Pennsylvania's criminal statute proscribing possession with intent to distribute a controlled substance, 35 PA. STAT. ANN. § 780-113(a)(30), is a "divisible" statute under *Descamps v. United States*, 133 S. Ct. 2276 (2013). If it is divisible, then convictions under that statute are subject to the modified categorical approach when determining if they are predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("the ACCA"). We hold that 35 PA. STAT. ANN. § 780-113(a)(30) is divisible and, accordingly, the trial court's use of the modified categorical approach was proper.[1] We will affirm.

_____

[1] We previously concluded the modified categorical approach was proper when assessing whether a conviction

I.

The underlying facts are not in dispute. After a jury trial, Kevin Abbott was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), among other charges. His sentence included a fifteen-year mandatory minimum for violating the ACCA. That act states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1). The sentencing court found that three of Abbott's previous convictions were "serious drug offenses" under the ACCA and invoked the fifteen-year minimum. Abbott's attorney did not object to the use of these prior convictions as ACCA predicates.

---

under 35 PA. STAT. ANN. § 780-113(a)(30) is a predicate offense under the ACCA. *United States v. Tucker*, 703 F.3d 205 (3d Cir. 2012). We revisit the issue solely because *Tucker* was decided before *Descamps* and did not address whether 35 PA. STAT. ANN. § 780-113(a)(30) is divisible.

Abbott challenged an unrelated portion of his sentence on direct appeal. We affirmed. *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009). Abbott then petitioned the United States Supreme Court for a writ of certiorari regarding that issue. The Supreme Court granted the petition and affirmed the sentence. *Abbott v. United States*, 131 S. Ct. 18 (2010).

Abbott filed a *pro se* petition under 28 U.S.C. § 2255, and we appointed counsel. The lone issue presented in his counseled § 2255 petition is whether Abbott's attorney at sentencing was ineffective for failing to contest the use of his prior conviction for possession with the intent to distribute, under 35 PA. STAT. ANN. § 780-113(a)(30), as an ACCA predicate offense. The District Court denied the petition without a hearing, noting that the sentencing court properly employed the modified categorical approach. It concluded Abbott suffered no prejudice from his attorney's alleged shortcomings. Noting the then-pending *Descamps v. United States*, 133 S. Ct. 2276 (2013), the District Court issued a certificate of appealability under 28 U.S.C. § 2253 on the sole of issue of whether *Descamps* altered the ACCA analysis. That issue is now before us.[2]

## II.

Under 18 U.S.C. § 922(g), it is unlawful for a person who has been previously convicted of a felony to possess a firearm. A defendant convicted under that section is subject to a fifteen-year minimum sentence under the ACCA if he "has

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

three previous convictions . . . for a violent felony or a serious drug offense, or both[.]" 18 U.S.C. § 924(e).

Accordingly, in a case in which the defendant has been convicted of § 922(g) and the prosecution seeks the § 924(e) enhancement, a sentencing court must decide whether that defendant has three previous convictions for a "violent felony or a serious drug offense." When deciding whether a previous conviction counts as a "violent felony or a serious drug offense" under the ACCA, a sentencing court may look only to the elements of a defendant's prior conviction, not "to the particular facts underlying those convictions." *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). This elements-based inquiry has come to be called the "categorical approach." *See Descamps*, 133 S. Ct. at 2281.

For example, in *Taylor*, the Supreme Court confronted a case in which the defendant had been convicted of a § 922(g) violation and the sentencing court was asked to invoke the fifteen-year minimum under the ACCA. 495 U.S. at 579. The sentencing court had to decide whether the defendant's previous burglary conviction counted as a "violent felony." *Id.* at 578. The Supreme Court declared the proper inquiry for a sentencing court is not whether the defendant's actual conduct constituted a crime of violence (e.g., whether he, in fact, brought a gun, confronted any individuals inside the house, or conducted his crime in any particularly "violent" way) but whether the elements of the crime of conviction necessarily matched the elements of a "violent felony." It concluded the ACCA "generally requires the trial court to look only to the fact of conviction and the statutory definition

of the prior offense." *Id.* at 602. A court should "not [look] to the particular facts underlying those convictions." *Id.* at 600.

The *Taylor* decision did, however, admit of a "narrow range of cases" when a sentencing court may look beyond the elements of a prior conviction to decide if it can serve as an ACCA predicate offense. *Id.* at 602. This alternative method has become known as the "modified categorical approach." Under *Descamps*, the modified categorical approach may be used when a statute underlying a prior conviction "lists multiple, alternative elements," 133 S. Ct. at 2285, rather than a "single, indivisible set of elements," *id.* at 2282. The Supreme Court referred to such statutes as "divisible statutes." *Id.* at 2281. The purpose of the modified categorical approach is to "help effectuate the categorical analysis when a divisible statute . . . renders opaque which element played a part in the defendant's conviction." *Id.* at 2283. Once a sentencing court determines the modified categorical approach applies, the court may look beyond the face of the statute to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine which of the alternative elements was involved in the defendant's conviction. *Shepard v. United States*, 544 U.S. 13, 16 (2005).

For example, the Court in *Taylor* considered, hypothetically, whether a defendant's prior conviction under a state burglary statute that outlawed entry into both a building and an automobile constituted a "crime of violence" under § 924(e). *Taylor*, 495 U.S. at 602. Under the Court's previous reasoning, only a burglary of a building could count as a predicate offense. *Id.* at 599. A sentencing court applying

the categorical approach—looking only at the face of the statute of conviction—would be unable to tell if a burglary conviction counted as a "crime of violence" because it could have been for burglary of either an automobile or a building. But if the jury was "actually required to find" which of the alternatives (either a building or an automobile) had been proved then the sentencing court could look beyond the face of the statute to determine which alternative had been found beyond a reasonable doubt. *Id.* at 602. In that example, if the jury "necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." *Id.*

## III.

Abbott contends the District Court erred because it applied the modified categorical approach to an indivisible statute. Specifically, Abbott contends the District Court improperly looked beyond the statutory elements of 35 PA. STAT. ANN. § 780-113(a)(30) to determine that his conviction was an ACCA predicate. We do not agree. The statute in question is divisible and, as such, convictions are properly assessed under the modified categorical approach.

Section 780-113(a)(30) outlaws "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance[.]" 35 PA. STAT. ANN. § 780-113(a)(30). The punishment for violating § 780-113(a)(30) depends on the type of controlled substance.[3] If the violation

---

[3] 35 PA. STAT. ANN. § 780-104 lists the schedules of Pennsylvania's controlled substances.

results from possession of Barbital, for example, the maximum punishment is three years. 35 PA. STAT. ANN. § 780-113(f)(3). If the violation results from possession of less than 1,000 pounds of marijuana, a maximum imprisonment of five years applies. 35 PA. STAT. ANN. § 780-113(f)(2). And if the possession involves any "derivative or preparation of coca leaves," a maximum imprisonment of ten years applies. 35 PA. STAT. ANN. § 780-113(f)(1.1). The type of controlled substance involved in the violation similarly affects the mandatory minimum term of imprisonment. *See* 18 PA. CONS. STAT. § 7508(a).

Abbott contends the statute is indivisible because it simply outlaws possession with the intent to distribute "a controlled substance." Unlike the theoretical statute in *Taylor* that outlawed burglary of an "automobile as well as a building," the statute here, he contends, does not list alternative elements. In order to secure a conviction, he continues, the jury must find that the defendant possessed with the intent to distribute an unspecified "controlled substance"—whether the controlled substance is marijuana or cocaine is of no moment.

Abbott's contention lacks merit. The Supreme Court has clarified that "'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" and must be found beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). As noted, the type of controlled substance involved in a violation of 35 PA. STAT. ANN. § 780-113(a)(30) alters the prescribed range of penalties. Accordingly, the type of drug, insofar as it increases the

possible range of penalties, is an element of the crime.[4] Because 35 PA. STAT. ANN. § 780-113(a)(30) can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute includes several alternative elements and is therefore divisible. The District Court's reliance on the modified categorical approach was proper.[5]

---

[4] The Pennsylvania Superior Court has reached a similar conclusion. In *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. Ct. 1989), the defendant was arrested and charged with multiple counts of possession with the intent to distribute a controlled substance under 35 PA. STAT. ANN. § 780-113(a)(30), among other charges. Two of the charges stemmed from the delivery of two different prohibited narcotics in a single plastic vial. The defendant argued only one offense occurred when he sold the vial because he had only once delivered controlled substances. Accordingly, he contended, two punishments for the single sale would violate the Double Jeopardy Clause. The majority disagreed, declaring that the type of drug was an element of the offense. 554 A.2d at 949. It concluded, "when the vial containing the two separate drugs was delivered, two separate offenses occurred[.]" *Id. See also Commonwealth v. Munday*, 78 A.3d 661, 665-66 (Pa. Super. Ct. 2013) (recognizing *Alleyne* requires any fact that increases a defendant's mandatory minimum be treated as an element of a new offense).

[5] Abbott also asserts that *Commonwealth v. Kelly*, 409 A.2d 21 (Pa. 1979), stands for the proposition that the fact finder does not need to find which drug type was involved in the § 780-113(a)(30) violation. We addressed that contention in *Tucker* and rejected it. 703 F.3d at 215-16.

IV.

The District Court properly employed the modified categorical approach to conclude Abbott's previous conviction for possession with intent to distribute cocaine is an ACCA predicate offense. After the court determined that the modified categorical approach was proper, it looked to the charging document to determine which alternative element had been proved. This was proper under *Shepard v. United States*, 544 U.S. 13, 26 (2005). The charging document—the Bill of Information—specified that the drug at issue was crack cocaine.

A previous conviction is an ACCA predicate if it is "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Under the ACCA, a "serious drug offense" is defined as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii).[6] Under Pennsylvania law, possession with the intent to distribute cocaine is punishable by a maximum term of imprisonment of ten years. 35 PA. STAT. ANN. § 780-113(f)(1.1). Accordingly, Abbott's previous conviction under 35 PA. STAT. ANN. § 780-113(a)(30) for possession with intent to distribute cocaine is a "serious drug offense" and properly served as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA.

V.

Pennsylvania's possession with intent to distribute statute, 35 PA. STAT. ANN. § 780-113(a)(30), is divisible. Accordingly, a conviction for its violation is subject to the modified categorical approach when determining whether the conviction is a predicate offense under the ACCA. The District Court properly conducted the modified categorical approach and correctly concluded Abbott suffered no prejudice from his attorney's alleged shortcomings at sentencing.

We will affirm the judgment of conviction and sentence.

---

[6] Cocaine is a controlled substance under the Controlled Substances Act. 21 U.S.C. §§ 802(6), 812.