NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2303
_____

UNITED STATES OF AMERICA

v.

KHALIFA ALI AL-AKILI,
                                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-12-cr-00091-001)
District Judge: Hon. Mark R. Hornak

_____

Submitted under Third Circuit LAR 34.1(a)
February 11, 2014

Before: CHAGARES, SHWARTZ and ALDISERT, Circuit Judges.

(Filed: August 26, 2014)

_____

OPINION OF THE COURT

ALDISERT, Circuit Judge.

        Appellant Khalifa Ali Al-Akili challenges his 94-month sentence for possession of

a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). He argues that the District

Court for the Western District of Pennsylvania improperly applied a sentence

enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In accordance with our recent decision in United States v. Abbott, 748 F.3d 154 (3d Cir. 2014), we hold that the District Court's application of the enhancement was proper and will affirm.

## I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. On July 4, 2010, Al-Akili went to a shooting range where he was seen firing a .22 caliber rifle. Police later recovered photographs and video clips of Al-Akili at the shooting range. Al-Akili subsequently pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The District Court adopted the Presentence Investigation Report ("PSR") finding that Al-Akili qualified as an "Armed Career Criminal" because his prior drug convictions were "serious drug offenses" under the ACCA. PSR ¶ 16. Al-Akili argues for the first time on appeal that the District Court erred in applying the ACCA enhancement.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We exercise plain error review when considering issues raised for the first time on appeal in light of an intervening legal decision. Henderson v. United States, 133 S. Ct. 1121, 1127 (2013). "Where a defendant demonstrates error that is plain, and that affects substantial rights, we may correct that error where the fairness, integrity, or public reputation of judicial proceedings was affected." United States v. Davis, 407 F.3d 162, 164 (3d Cir. 2005) (internal quotation marks omitted).

III.

We must decide whether 35 Pa. Stat. Ann. § 780-113(a)(30) is a divisible statute, thus making Al-Akili's prior Pennsylvania drug convictions "serious drug offenses" under the ACCA. In light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and our Court's recent decision in Abbott, 748 F.3d 154, we hold that the Pennsylvania statute is divisible and that the District Court properly determined that Al-Akili's prior offenses qualified as "serious drug offenses" under the ACCA. Accordingly, the District Court did not err in applying the ACCA enhancement.

Under the ACCA, "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense . . . shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A "serious drug offense" includes an offense "under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(ii). The Pennsylvania statute at issue prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 Pa. Stat. Ann. § 780-113(a)(30). Under Pennsylvania law, the particular controlled substance affects only the prescribed range of penalties.

Courts applying the ACCA traditionally use the "categorical approach," looking only at the elements of the statute underlying a defendant's prior conviction to determine

if it qualifies as a predicate ACCA offense. Descamps, 133 S. Ct. at 2281. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. In contrast, the "modified categorical approach" allows courts to look beyond the face of the statute to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine whether a prior conviction serves as a predicate offense under the ACCA. Shepard v. United States, 544 U.S. 13, 16 (2005). The modified categorical approach may be used "when a statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" Descamps, 133 S. Ct. at 2285 (quoting Nijhawan v. Holder, 557 U.S. 29, 41 (2009)). "[S]entencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id. at 2282.

Al-Akili argues that the District Court erroneously applied the ACCA enhancement because section 780-113(a)(30) is an indivisible statute and sweeps more broadly than the federal statute, criminalizing drugs that are not serious drug offenses under the ACCA. He contends that his prior convictions cannot qualify as predicate offenses because, to determine if convictions under section 780-113(a)(30) qualify as predicate offenses, a court would have to look at the conduct underlying the convictions, which he contends would be an improper application of the modified categorical approach to an indivisible statute.

In Abbott, our Court decided the exact issue at hand in this case. The defendant in Abbott was convicted under § 922(g), and the sentencing court applied the modified

4

categorical approach to determine whether his prior conviction under section 780-113(a)(30) could serve as an ACCA predicate offense. Abbott, 748 F.3d at 157-158. We determined that section 780-113(a)(30) "includes several alternative elements" because "the type of drug, insofar as it increases the possible range of penalties, is an element of the crime." Id. at 159. Accordingly, we held that section 780-113(a)(30) "is divisible and, as such, convictions are properly assessed under the modified categorical approach." Id. at 158.

In light of our decision in Abbott, we find no error in the District Court's application of the ACCA enhancement based on Al-Akili's prior convictions under section 780-113(a)(30). Although the Pennsylvania statute criminalizes some drug offenses that cannot constitute ACCA predicates, our holding that the statute is divisible permits district courts to use the modified categorical approach to determine whether prior section 780-113(a)(30) drug convictions qualify as predicate ACCA offenses. Under Pennsylvania law, possession with intent to distribute cocaine is punishable by a maximum of ten years imprisonment and therefore qualifies as a "serious drug offense" under the ACCA. Id. at 159-160. Al-Akili explicitly pled guilty to delivery and possession with intent to deliver cocaine. Thus, the District Court properly determined that Al-Akili's prior convictions under section 780-113(a)(30) qualified as predicate offenses under the ACCA.[1]

---

[1] Al-Akili also argues his Fifth and Sixth Amendment rights were violated because his prior convictions were used to sentence him above the otherwise applicable statutory maximum for the instant offense. As Al-Akili concedes, this argument is foreclosed by

5

IV.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.

---

Supreme Court precedent. See Almendarez-Torres v. United States, 523 U.S. 224, 225 (1998).