BLD-169                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3895
_____

KEENAN PRICE,
                                        Appellant

v.

WARDEN, FCI FAIRTON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-13-cv-07216)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: April 28, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Keenan Price, a federal prisoner currently incarcerated at FCI Fairton, appeals pro

se from an order of the United States District Court for the District of New Jersey

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm.

In 2003, Price was charged in the United States District Court for the Eastern District of Pennsylvania with various drug and weapons offenses. The Government provided notice of its intention to seek an enhanced sentence based on a prior felony drug offense, namely, Price's 1996 Pennsylvania conviction for possession with intent to deliver a controlled substance. See 21 U.S.C. § 851. A jury found Price guilty on all counts. Based in part on the Pennsylvania drug conviction, the District Court imposed a sentence of 300 months in prison, plus ten years of supervised release. We affirmed. See United States v. Price, 458 F.3d 202 (2006), cert. denied, 549 U.S. 1147 (2007). Following his conviction, Price filed several post-conviction motions, all of which were unsuccessful.[1]

Most recently, in December 2013, Price filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. Price alleged that the

---

[1] In January 2008, Price filed a motion under 28 U.S.C. § 2255, which the District Court denied on the merits. Price did not appeal. In October 2010, Price sought permission to file a second or successive § 2255 motion. We denied the application. See C.A. No. 10-3962 (order entered Oct. 29, 2010). Price returned to District Court in May 2012, filing a "Petition to Reopen Sentencing Proceedings or in the Alternative Reopen § 2255 Proceedings." The District Court dismissed the "Petition," explaining that it lacked jurisdiction to reopen the sentencing proceeding, and that Price needed permission from this Court before filing a second or successive § 2255 motion. Price timely filed a motion seeking reconsideration, which the District Court denied. Price appealed, and we denied his application for a certificate of appealability. C.A. No. 12-4219 (order entered Mar. 12, 2013).

sentencing court incorrectly characterized his 1996 Pennsylvania conviction as a "felony drug offense." See 21 U.S.C. § 802(44) (defining "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."). According to Price, because his offense was not punishable by more than one year of imprisonment, he is "actually innocent" of the sentencing enhancement. The Government filed a motion to dismiss the § 2241 petition for lack of subject matter jurisdiction. The District Court granted that motion, holding that Price failed to demonstrate that 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). Price appealed.[2]

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

3

(3d Cir. 1997). But we have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

As noted above, Price alleged that his sentence was wrongly enhanced because his 1996 Pennsylvania conviction is not a "felony drug offense." Notably, though, Price does not explain why this argument could not have been raised on direct appeal or in his § 2255 motion. Price does cite Descamps v. United States, 133 S. Ct. 2276 (2013), in which the Supreme Court held that when deciding whether a previous conviction counts as a "violent felony or a serious drug offense" under the Armed Career Criminal Act, a sentencing court may look only to the elements of a defendant's prior conviction, not "to the particular facts underlying those convictions." Descamps, 133 S. Ct. at 2283. The Supreme Court reaffirmed that its existing precedent, including Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), permits application of the modified categorical approach only when a statute is divisible and then only to determine the subpart under which the defendant was convicted. See Descamps, 133 S. Ct. at 2281-82.

Price has not explained how Descamps renders § 2255 inadequate or ineffective. Price's sentencing enhancement was based on his Pennsylvania conviction for possession with intent to deliver a controlled substance under 35 Pa. Stat. Ann. § 780-113(a)(30). But Descamps did not alter the approach used to evaluate convictions under § 780-113(a)(30). Prior to the decision in Descamps, we stated that § 780-113(a)(30) "is disjunctive, and therefore departure from the formal categorical approach is appropriate." Garcia v. Att'y Gen., 462 F.3d 287, 293 (3d Cir. 2006). Even after Descamps, we held that § 780-113-(a)(3) is divisible and is properly subject to the "modified" categorical approach. United States v. Abbott, 748 F.3d 154, 156 & n.1 (3d Cir. 2014). Therefore, to the extent that Price believes that Descamps mandates application of the formal categorical approach, he is mistaken. In sum, we conclude that Price has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.