NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1001
_____

UNITED STATES OF AMERICA

v.

ANGEL MUNIZ,
                              Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-11-cr-00252-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 26, 2015
_____

Before: GREENAWAY, JR., SCIRICA, and ROTH, *Circuit Judges*.

(Opinion Filed: January 7, 2016)
_____

OPINION[*]
_____

_____

   [*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Angel Muniz pleaded guilty to one count of mailing a letter containing a threat, in violation of 18 U.S.C. § 876(c), and was sentenced to 96 months' imprisonment. Before the Court is Muniz's appeal of the District Court's determination regarding the appropriate sentencing range under the United States Sentencing Guidelines (the "Guidelines"). Muniz contends that the District Court erred by deeming him a career offender because the offense to which he pleaded guilty was not a crime of violence. Muniz's appeal thus requires us to determine whether mailing a threatening letter is a crime of violence, as defined by the Guidelines. After careful review, we agree with the District Court that Muniz's offense was a crime of violence within the meaning of the Guidelines.

## I. Background

In 2009, a United States District Judge received two letters containing threats to kill that were eventually traced to Muniz. During an interview with law enforcement, Muniz stated that he planned on carrying out the threats in the letter. In a second interview, Muniz stated that he did not intend to follow through on the threats and denied taking steps in furtherance of the threats. A federal grand jury returned an indictment charging Muniz with mailing a threatening communication to a United States Judge in violation of 18 U.S.C. § 876(c). Muniz pleaded guilty to one count of the indictment pursuant to a plea agreement.

2

Under the Guidelines, a defendant is designated a career offender if he is over the age of 18 and has committed three offenses that can be classified as crimes of violence within the meaning of the Guidelines ("predicate offenses"). *See* U.S.S.G. § 4B1.2. In order to be considered a crime of violence, an offense must have, as an element, the use or threatened use of physical force. *See id.* Career offender designation requires the sentencing court to apply an enhancement to a defendant's offense level. Here, once deemed a career offender, Muniz's Guidelines range increased from 57–71 months to 77–96 months.[1]

The parties disagreed on whether Muniz's current offense for mailing a threatening letter to a federal judge could serve as a predicate offense. Muniz's Presentence Report ("PSR") answered this question in the affirmative. Specifically, the probation department reasoned that § 876(c) requires that the communication "convey a threat to injure the person of the addressee . . . and that element falls squarely within the definition of a crime of violence," as defined by the Guidelines. PSR ¶ 66 n.2. The government agreed. Muniz argued that the offense could not be a crime of violence because his guilty plea only indicated that he intended to mail the letter, and therefore, he did not admit and was not required to admit that he had the specific intent to threaten physical force. Thus, Muniz argued, his sentence was not a crime of violence within the meaning of the Guidelines, because the Guidelines require that a defendant have the

---

[1] It was undisputed that two of Muniz's previous convictions could serve as

3

specific intent to use, or threaten to use, physical force.

The District Court rejected Muniz's argument and concluded that a conviction under § 876(c) was a crime of violence, as defined by the Guidelines. The District Court noted that there was "symmetry between the [G]uidelines definition and the elements of the offense that's the count of conviction here," in that "the communication . . . contained a threat to injure the addressee." App. 166. Additionally, the District Court reasoned that a defendant's subjective intent, although relevant to a court's consideration of factors enumerated in 18 U.S.C. § 3553, was not relevant to a determination of whether an offense was a crime of violence, as defined by the Guidelines. Applying the career-offender Guidelines range, the District Court sentenced Muniz to 96 months' imprisonment.

Muniz filed a timely notice of appeal.

## II. Standard of Review[2]

Whether a prior conviction constitutes a crime of violence for purposes of the career-offender Guideline is a question of law over which we exercise plenary review. *See United States v. Marrero*, 743 F.3d 389, 393 (3d Cir. 2014).

## III. Analysis

Under § 4B1.1 of the Guidelines, one is designated a career offender if:

---

predicate offenses and that Muniz was over the age of 18.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

4

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.

The Guidelines define "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

Muniz's offense statute states, in relevant part:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 876(c). Section 876(c) attaches increased penalties when the letter is mailed, as it was mailed here, to a federal judge. *See id*.

To determine whether Muniz's offense falls within the Guidelines-defined crime of violence, we would typically apply the categorical approach. *See United States v. Brown*, 765 F.3d 185, 188–89 (3d Cir. 2014) (citing *United States v. Abbott*, 748 F.3d

5

154, 157 (3d Cir. 2014)).[3]  Under the categorical approach, we "compare the elements of

the statute forming the basis of the defendant's conviction with the elements of the

generic crime." *Brown*, 765 F.3d at 189.  The categorical approach precludes

consideration of the "facts underlying [the] conviction." *Id.*  Therefore, in the context of

§ 4B1.2(a), we only consider whether § 876(c) has as an element the use or threatened

use of physical force.

However, there are a range of cases in which another approach, labeled the

modified categorical approach, applies.  The modified categorical approach applies where

the statute at issue is divisible, or where the statute sets forth "multiple alternative

versions of the crime," *see Marrero*, 743 F.3d at 396, and some of those versions "cover

at least some conduct that is not a crime of violence." *Brown*, 765 F.3d at 188.  In these

cases, the statute forming the basis of the defendant's conviction would be insufficient to

determine what particular version of the crime applied to defendant's conviction.

Therefore, the court is allowed to consult extra-statutory documents to determine whether

the defendant was convicted of a version of the crime that meets the federal definition.

These documents include "the indictment or information and jury instructions, or, if a

guilty plea is at issue, by examining the plea agreement, plea colloquy, or some

comparable judicial record of the factual basis for the plea." *See Marrero*, 743 F.3d at

---

[3] *Abbott* addressed sentencing enhancements under the Armed Career Criminal
Act ("ACCA"), but because of the substantial similarities between the ACCA and the

396 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 37 (2009) (internal quotations omitted)).

Muniz appears to argue that, even if analyzed under the categorical approach, his offense could not be considered a crime of violence because it does not require proof that he had the intent to threaten physical force or the ability to use physical force to carry out the threat, as the Guidelines implicitly require. Muniz also argues that a recent Supreme Court case, *Elonis v. United States*, __ U.S. __, 135 S. Ct. 2001 (2015), suggests that a person could be convicted under § 876(c) based on proof of recklessness. Therefore, Muniz argues, the statute is divisible because there are two versions of the crime—a § 876(c) violation where the defendant knowingly mails a threatening letter, and a § 876(c) violation where the defendant recklessly mails a threatening letter—and therefore the modified categorical approach applies.

We conclude that the categorical approach applies here as the relevant part of § 876(c) is not divisible. Section 876(c) is not divisible because it only sets forth one version of the crime, namely that the defendant has: (1) knowingly mailed a threating letter, (2) the letter contained a threat to injure the addressee or another person, and (3) the letter was addressed to a federal judge. *Elonis* does not change this conclusion, because the *Elonis* court did not reach whether a § 875(c) conviction could be sustained

Guidelines' career-offender provisions, interpretation of the ACCA applies to our analysis here. *See id.* (citing *Marrero*, 743 F.3d at 394 n.2).

based on recklessness. [4] *See id.* at 2012. As *Elonis* left the recklessness question unanswered, we decline to read the statute as Muniz requests.

We agree with the District Court that § 876(c) is a crime of violence. Applying the categorical approach, we determine whether § 876(c) is an offense that "has as an element the use or threatened use of physical force," using only the statutory definition. *See Brown*, 765 F.3d at 189. The plain terms of the statute are closely aligned with the Guidelines definition of a crime of violence. That is, the element that the letter must contain a "threat to injure" closely correlates with the "threatened use of physical force" language in the Guidelines. Thus, the terms of the statute demonstrate that § 876(c) has, as an element, the threatened use of physical force. Our conclusion conforms to the decisions of our sister circuits, many of which have held that 876(c) is a crime of violence.[5]

We make no conclusion as to whether § 4B1.1's crime-of-violence definition requires that the crime at issue require specific intent as to all elements of the crime. *Elonis* does not, as Muniz argues, suggest that a defendant could be convicted of

---

[4] The statute at issue in *Elonis* was 18 U.S.C. § 875(c), which makes it a crime to transmit in interstate commerce "any communication containing any threat . . . to injure the person of another." *See* 18 U.S.C. § 875(c). Because § 875(c) and § 876(c) are companion statutes, we apply interpretation of § 875(c) here.

[5] The Fifth, Seventh, Eight, and Ninth Circuits have concluded that Section 876(c) is a crime of violence. *See United States v. Stoker*, 706 F.3d 643, 648 (5th Cir. 2013); *United States v. Haileselassie*, 668 F.3d 1033, 1035 (8th Cir. 2012); *United States v. De La Fuente*, 353 F.3d 766, 770–71 (9th Cir. 2003); *United States v. McCaleb*, 908 F.2d 176, 178 (7th Cir. 1990) (interpreting 18 U.S.C. § 871).

violating § 876(c) without a finding of scienter as to the element that the letter contains a threat to injure. Thus, it is unnecessary for us to determine whether, as a general matter, application of § 4B1.2(a)(1) requires a finding that the defendant had the specific intent to use or threaten to use physical force.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the District Court.

SCIRICA, *Circuit Judge,* concurring, joined by Judge Roth.

I join with my colleagues in affirming the judgment of the District Court. I write separately because I believe this case does not require us to decide whether to apply the categorical approach or the modified categorical approach to determine Muniz's sentence. No matter which approach applies, 18 U.S.C. § 876(c) is a crime of violence and the District Court properly applied the career offender enhancement.

Muniz contends the modified categorical approach applies because there are two versions of Section 876(c)—one in which the defendant knowingly mails a threatening letter, and one in which the defendant recklessly mails a threatening letter.[1] Muniz maintains he pled guilty only to a crime of recklessness, contending the guidelines require proof of the defendant's subjective intent to use physical force to carry out the threat. While the majority does not reach this argument, I would reject Muniz's contention the guidelines require proof of the defendant's intent to use physical force. It is well established that "[t]he Guidelines do not condition application of the enhancement on whether the defendant intended to make good on the threat." *U.S. v. Poff*, 926 F.2d 588, 590 (7th Cir. 1991) (en banc).

Likewise, had Muniz argued the guidelines require proof of a specific intent to threaten—assuming Section 876(c) itself does not require such proof—he would find no support. Several of our sister circuits have concluded Section 876(c) is a crime of violence, even though some of them assumed (pre-*Elonis*) mere negligence could suffice

---

[1] As the majority notes, we have yet to decide whether recklessness suffices for a conviction under Section 875(c) and its companion statute, Section 876(c). *See Elonis v. United States*, 135 S. Ct. 2000, 2012 (2015). The resolution of that question does not affect the outcome of this case.

1

for a conviction under the statute. *See United States v. Stoker*, 706 F.3d 643, 648 (5th Cir. 2013); *United States v. Haileselassie*, 668 F.3d 1033, 1035 (8th Cir. 2012); *United States v. De La Fuente*, 353 F.3d 766, 770-71 (9th Cir. 2003); *United States v. McCaleb*, 908 F.2d 176, 178 (7th Cir. 1990).

The result is the same if we apply the categorical approach. As the majority notes, there is a close alignment between the plain terms of the statute and the guidelines definition of a crime of violence. It is difficult to imagine a statute that more clearly "has as an element the . . . threatened use of physical force against the person of another" than one that forbids mailing a letter "containing . . . any threat to injure the person of the addressee or of another . . . ." *See* U.S.S.G. § 4B1.2(a)(1); 18 U.S.C. §876(c).

Because the career offender enhancement was properly applied no matter which method of review we employ, I would affirm the judgment of the District Court.