NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2080
_____

UNITED STATES OF AMERICA

v.

SHALEF BELL,
                                   Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-16-cr-00063-001)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 13, 2018

Before: JORDAN, KRAUSE, and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: March 22, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, Circuit Judge

Appellant Shalef Bell appeals the imposition of a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We will affirm the District Court's application of the ACCA sentencing enhancement, but we will vacate and remand for resentencing because the District Court relied upon a Presentence Investigation Report ("PSR") that erroneously calculated Bell's offense level.

## I.   Discussion[1]

Bell raises two arguments on appeal.

*First*, Bell contends that two of his four prior convictions for violations of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30) (the "Act") do not qualify as "serious drug offenses" because the record is inconclusive as to whether the substance underlying those convictions was cocaine. If it was, Bell concedes, the convictions would carry a maximum prison term of "ten years or more," pursuant to §780-113(f)(1.1), and therefore would count towards the three predicate convictions required to trigger the ACCA enhancement. 18 U.S.C. § 924(e)(2)(A)(ii).

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We review Bell's legal challenge to the application of the ACCA enhancement *de novo*. *United States v. Gibbs*, 656 F.3d 180, 184 (3d Cir. 2011).

Because we apply the "modified categorical approach" when determining whether a conviction under the Act is a "serious drug offense" that counts as a predicate conviction under the ACCA, *see United States v. Abbot*, 748 F.3d 154, 156 (3d Cir. 2014), we may look to "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also United States v. Tucker*, 703 F.3d 205, 210 (3d Cir. 2012). In the context of a guilty plea under 35 P.S. § 780-113(a)(30), we may also consider whether the Bill of Information itself identified the relevant substance as cocaine because, as we have previously observed, under Pennsylvania law, a judge is "'actually required' to find that [the defendant] possessed cocaine in order to convict." *Tucker*, 703 F.3d at 215.[3] Here, the Bills of Information clearly state "cocaine" next to the term "Drug Description" or "Drug Type," and the District Court was therefore entitled to rely

---

[2] Bell does not dispute that he has two other predicate drug convictions under the ACCA.

[3] It is not material that in *Tucker*, the defendant was convicted after a bench trial, whereas here, Bell was convicted pursuant to a guilty plea, "for the ACCA nowhere provides that convictions in tried and pleaded cases are to be regarded differently." *Shepard*, 544 U.S. at 19.

on those records in concluding that the convictions involved cocaine and thus qualify as "serious drug offenses."[4]

Bell also argues that because the Act by its terms reaches the "delivery" of a controlled substance, it "sweeps more broadly" than the definition of a "serious drug offense" and could include conduct such as "soliciting another to provide drugs" and "mere offers to sell drugs." Appellant's Br. 36-38. But this argument is foreclosed by our case law, which squarely holds that a previous conviction under the Act for cocaine "is a 'serious drug offense' and properly serve[s] as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA." *Abbot*, 748 F.3d at 159-60. Moreover, application of the modified categorical approach "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime," *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007), yet Bell points to no case where Pennsylvania has prosecuted solely on the basis of either solicitation or mere offers to sell drugs under the Act. Thus, this argument also fails, and we will affirm the District Court's applications of the ACCA enhancement.

---

[4] Bell's related argument that application of the ACCA enhancement was improper because the Bills of Information charge both "the trafficking of counterfeit controlled substance as well as the trafficking of a controlled substance" is both waived and meritless. Appellant's Br. 23-26. Bell's counsel expressly disclaimed any contention that the Bills of Information charged a counterfeit controlled substance, *see United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013), and those documents identify the "Drug Description" as "cocaine."

*Second*, Bell points out that in applying U.S.S.G. § 4B1.4(b)(3)(A), the PSR erroneously calculated his offense level as 37 (rather than 34), which, when combined with his Criminal History Category of VI and a 3-level reduction for acceptance of responsibility, produced an offense level of 34 and a Guidelines range of 262 to 327 months' imprisonment. The District Court adopted the PSR without modification but granted a substantial variance and imposed a 202-month sentence. Even though we review Bell's unpreserved objections for plain error, *see United States v. Dahl*, 833 F.3d 345, 349 (3d Cir. 2016), the District Court's adoption of the PSR's erroneous calculation amounts to plain error that requires a remand for resentencing, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016), as the government concedes.[5] We will vacate the sentence on that basis.

## II.    Conclusion

For the foregoing reasons, we will affirm Bell's sentencing enhancement under the ACCA but will vacate the judgment of sentence and remand for resentencing.

---

[5] Bell makes the additional argument that the PSR was also erroneously calculated because he received unwarranted enhancements under U.S.S.G. §§ 4B1.4(b)(3)(A) and 4B1.4(c)(2) for "us[ing] or possess[ing] the firearm . . . in connection with . . . a controlled substance offense." As the government admits, because a "controlled substance offense" requires possession "with intent to manufacture, import, export, distribute or dispense," *id.* § 4B1.2(b), if the drugs found on Bell's person at the time of his arrest were only for personal use, then application of those enhancements was erroneous. *See Salinas v. United States*, 547 U.S. 188, 188 (2006) (per curiam) (holding that simple possession is not a "controlled substance offense" under § 4B1.2). Because the District Court did not make an express finding as to whether Bell possessed the firearm in connection with a "controlled substance offense," we leave it to the District Court in resentencing to consider that issue in the first instance.