**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3686
_____

CLIFTON SAVAGE,
                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-17-cv-01985)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2018

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: November 9, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Clifton Savage, a federal prisoner currently confined in FCI-

Fairton, appeals from an order of the United States District Court for the District of New

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jersey dismissing his petition for habeas corpus under 28 U.S.C. § 2241. For the reasons detailed below, we will affirm the District Court's judgment.

In 2010, a jury in the Eastern District of Pennsylvania found Savage guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). See E.D. Pa. Cr. A. No. 2:09-cr-00600. He was sentenced to 180 months in prison, the mandatory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Savage's predicate offenses for his enhanced sentence were four drug offenses involving cocaine, see 35 Pa. Stat. and Cons. Stat. § 780-113(a)(30), and one conviction for aggravated assault, see 18 Pa. Cons. Stat. § 2702(a)(1). This Court summarily affirmed his conviction on direct appeal. See C.A. No. 11-1014.

Savage then filed a motion under 28 U.S.C. § 2255, which the District Court denied in March 2016. Savage did not appeal. In March 2017, Savage filed an application in this Court to file a second or successive § 2255 motion, arguing that his predicate offenses did not qualify as such in light of Mathis v. United States, 136 S. Ct. 2243 (2016). We denied the application, stating that Mathis "involved statutory interpretation, not a new rule of constitutional law." C.A. No. 17-1667. In addition, we relied on our prior precedent in United States v. Abbott, 748 F.3d 154, 159-60 (3d Cir. 2014), to determine that Mathis did not change the fact that Savage's cocaine offenses qualified as predicate offenses for purposes of ACCA.

2

Savage then filed the petition under § 2241 that is at issue in this appeal.[1]  In this petition, he acknowledged that he has at least three convictions under Pennsylvania state law for delivery of cocaine, but argued that these convictions do not qualify as "serious drug offenses," and that his sentence under ACCA is therefore invalid.  The District Court dismissed the petition, concluding that Savage's claim could be raised only, if at all, in a § 2255 motion.  Savage then filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).[2]

We agree with the District Court's disposition of this case.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that

---

[1] Venue was proper in the District Court here because Savage is incarcerated within the District of New Jersey.  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

[2] Savage does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

3

some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Savage argues that this exception applies here. He argues that his statute of conviction—§ 780-113(a)(30)—sweeps more broadly than ACCA's definition of a "serious drug offense."[3] More specifically, he contends that he was convicted of "delivery" of cocaine under § 780-113(a)(30), and that "delivery" under Pennsylvania law can be satisfied by a mere offer to sell, but that an offer to sell would not constitute a "serious drug offense" under ACCA. He asserts that this argument is newly available to him based on Mathis, in which the Supreme Court stressed that, for purposes of applying the categorical (or modified categorical) approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. See 136 S. Ct. at 2253.[4]

---

[3] Section 780-113(a)(30) outlaws "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." ACCA defines "serious drug offense" to encompass "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[4] We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge a mandatory sentence, see generally United States v. Doe,

However, we rejected this argument when Savage pressed it in his request to file a second or successive § 2255 motion, and our recent decision in <u>United States v. Glass</u>, -- F.3d ---, No. 16-2906, 2018 WL 4443889 (3d Cir. Aug. 22, 2018), lends further support to this ruling. In <u>Glass</u>, we reiterated that "[w]e have already held that conviction under § 780-113(a)(30) for cocaine-based offenses is not overbroad in the context of the ACCA's definition of 'serious drug offense.'" <u>Id.</u> at *4 (citing <u>United States v. Abbott</u>, 748 F.3d 154, 160 (3d Cir. 2014)). We also refuted the specific argument that Savage raises here, concluding that § 780-113(a)(30) does not criminalize a mere offer to sell. <u>See id.</u> at *3. Therefore, Savage has not shown that there has been an intervening change in law that negates his ACCA conviction, and § 2241 relief is not available. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d at 251.

Accordingly, we will affirm the District Court's judgment.

---

810 F.3d 132, 160-61 (3d Cir. 2015), and we need not do so here.