**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1787
_____

UNITED STATES OF AMERICA

v.

ROBERT COLEMAN,
                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-17-cr-00031-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2018
_____

Before:  CHAGARES, JORDAN, and VANASKIE, *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Robert Coleman appeals his criminal sentence, particularly the District Court's application of a career-offender enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.  We will affirm.

## I.

Coleman pleaded guilty to one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A).  The Presentence Report ("PSR") prepared by the Probation Office recommended that the District Court apply a career-offender enhancement pursuant to U.S.S.G. § 4B1.1.  This recommendation was based upon Coleman's two prior state convictions for possession with intent to manufacture or deliver crack cocaine, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30).  Coleman objected.  The District Court overruled the objection and applied the enhancement.  Coleman's resulting Guidelines imprisonment range was 262 to 327 months.  The District Court granted a substantial downward variance and imposed a prison term of 165 months.  Coleman timely filed his Notice of Appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines.  *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009) (citation omitted).

## III.

As we recently explained in *United States v. Glass*:

[A] defendant qualifies for a career-offender enhancement under the Guidelines if he or she "has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense." *Id.* § 4B1.2(b). A state conviction cannot qualify as a "controlled substance offense" if its elements are broader than those listed in § 4B1.2(b). *See Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (holding, in the Armed Career Criminal Act ("ACCA") context, that "a state crime cannot qualify as . . . [a] predicate if its elements are broader than those of a listed generic offense"); *see also United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (applying *Mathis* to analysis of § 4B1.1).

904 F.3d 319, 321-22 (3d Cir. 2018).

Coleman argues that convictions under 35 Pa. Cons. Stat. § 780-113(a)(30) cannot serve as predicate "controlled substance offenses" for two reasons. First, he argues that § 780-113(a)(30) is broader than the Guidelines' use of a generic "controlled substance offense" to the extent that the Pennsylvania statute criminalizes mere offers to sell drugs. Second, Coleman asserts that § 780-113(a)(30) is broader than the Guidelines generic "controlled substance offense" because the schedule of controlled substances that the Pennsylvania statute covers, *see* 35 Pa. Cons. Stat. § 780-113(f), includes substances that are not identified as "controlled substances" under federal law.

We rejected Coleman's first argument in *Glass*. There, we distinguished § 780-113(a)(30) from other state statutes that criminalize mere offers to sell and held that the Pennsylvania statute does not criminalize such conduct. *See Glass*, 904 F.3d at 322

3

("Assuming a state statute that criminalizes a mere offer to sell sweeps beyond U.S.S.G. § 4B1.2, we are not convinced the statute at issue here—§ 780-113(a)(30)—crosses that line."). Thus, *Glass* compels rejecting Coleman's first argument.

Coleman's second argument is foreclosed by our decision in *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014). In *Abbott*, we concluded that § 780-113(a) is divisible with regard to the controlled substance at issue. *See Id.* at 159 ("Because [] § 780-113(a)(30) can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute includes several alternative elements and is therefore divisible."). *See also United States v. Henderson*, 841 F.3d 623, 627-29, 629 n.5 (3d Cir. 2016) (relying on *Abbott* post-*Mathis*). Our approach to divisible statutes is well-established: We apply a "modified categorical" approach, which permits us to consider a limited class of documents to determine whether a prior conviction was based upon conduct that was actually a "controlled substance offense." *See Henderson*, 841 F.3d at 627 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

Here, both of Coleman's predicate offenses were state convictions for possession with intent to manufacture or deliver crack cocaine. Cocaine is listed on the federal controlled substance schedule as a Schedule II controlled substance. 21 U.S.C. § 812. Thus, Pennsylvania's decision to penalize cocaine-based offenses under § 780-113(a)(30) sweeps no broader than the Guidelines generic "controlled substance offense."

4

Accordingly, we find no error in the District Court's decision to apply the career-offender enhancement.

IV.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.