

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2004

# Clarke v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Clarke v. Atty Gen USA" (2004). *2004 Decisions.* Paper 594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1554
_____

CONNIE CLARKE,
Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS No. A90-675-865
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 29, 2004

Before: NYGAARD, FUENTES, Circuit Judges and O'NEILL,* District Judge

(Opinion Filed:  June 16, 2004)

_____

OPINION OF THE COURT
_____

_____

* Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

1

FUENTES, Circuit Judge:

Petitioner, Connie Clarke, challenges a final order of the Board of Immigration Appeals ("BIA") finding him deportable under section 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(B)(i), because he was convicted of a controlled substance offense. The BIA also found that, because of this conviction, Clarke was ineligible for suspension of deportation.

Clarke was convicted in the Court of Common Pleas of Philadelphia County of delivery of a controlled substance (marihuana) in violation of Title 35 of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act § 780-113(a)(30). All of the substances prohibited under this statute are also included in the schedule of prohibited substances in the Federal Drug Abuse Prevention and Control Act, 21 U.S.C. § 802, which is referenced in the INA's general controlled substance ground for deportation. INA § 241(a)(2)(B)(i). Therefore, the BIA interpreted this provision of the INA, which allows for deportation because of a conviction that "relates to" a controlled substance, to include a conviction under the Pennsylvania statute.

The central issue in this appeal is whether the BIA correctly determined that Clarke was deportable for having committed a criminal offense covered by section 241(a)(2)(B)(i) of the INA. Clarke asserts that his conviction under the Pennsylvania controlled substance act does not constitute a deportation ground under INA § 241(a)(2)(B)(i) because the Pennsylvania act does not "relate to" a controlled substance.

The Pennsylvania statute prohibits the delivery of a controlled substance or a counterfeit controlled substance. 35 P.S. § 780-113(a)(30). While the record shows that

2

Clarke pled guilty to the act of "delivery," he argues that the record does not indicate whether the substance delivered was a controlled substance or a counterfeit under the Pennsylvania act. Clarke asserts that a "counterfeit" substance under the statute could include an ordinary substance that has been packaged or labeled to resemble a controlled substance. Thus, he argues, a conviction under the Pennsylvania act for delivery of such a substance would not constitute a ground for deportation under the controlled substance provision of the INA.

However, the BIA found that the Pennsylvania statute's reference to a "counterfeit controlled substance" does not mean a "non-controlled substance," but that the Pennsylvania statute defines this term broadly to mean a "controlled substance" that has been mislabeled or falsely purports to be the product of another manufacturer. 35 P.S. § 780-102(b). Accordingly, the BIA found that Clarke's conviction relates to a statute involving a controlled substance because a conviction under the Pennsylvania act necessarily means that the substance was either a controlled substance or a counterfeit comprised of one or more controlled substances.

We review de novo whether the BIA correctly interpreted the term "counterfeit controlled substance" contained in the Pennsylvania act as a "controlled substance" within the meaning of 21 U.S.C. § 802. Because we agree with the BIA's well-reasoned interpretation of the Pennsylvania statute, we affirm its decision.

I.

Clarke is a native and citizen of Jamaica. On April 10, 1985, he was convicted of delivering marihuana in violation of Title 35 of the Pennsylvania controlled substance act.

3

On January 11, 1995, Clarke was placed in deportation proceedings with an Order to Show Cause. He was charged with entry without inspection and conviction of an offense related to a controlled substance. The Immigration Judge ("IJ") found that Clarke's conviction under the Pennsylvania statute rendered him deportable under section 241(a)(2)(B)(i) of the INA for being convicted of a crime that "relates to a controlled substance." The IJ therefore pretermitted his application for suspension of deportation. Clarke also conceded deportability as an alien who entered the United States without inspection. Clarke subsequently appealed to the BIA. The BIA dismissed Clarke's appeal with regard to his deportability under section 241(a)(2)(B)(i) of the INA, rejecting his argument that a "counterfeit controlled substance" under the Pennsylvania act is not necessarily encompassed by the controlled substance ground for deportation contained in the INA.

## II.

The Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act § 780-113(a)(30) prohibits "knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." The BIA found that Clarke's conviction under this act falls within INA § 241(a)(2)(B)(i), which provides for the deportation of any alien who

> at any time after entry has been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substance Act, 21 U.S.C. § 802).

4

The BIA found that all the illicit substances covered by the Pennsylvania statute are listed in the schedule of controlled substances in 21 U.S.C. § 802. It follows that any substance Clarke was convicted of delivering under the Pennsylvania statute necessarily constitutes a violation of the Federal Controlled Substance Act referenced in INA § 241(a)(2)(B)(i). Therefore, it was not necessary for the INS to have specifically identified the controlled substance Clarke was convicted of delivering in order to sustain a charge of deportation under the general controlled substance provision of the INA.

Clarke further argues that delivery of a counterfeit controlled substance does not necessarily constitute violation of a statute relating to a controlled substance under the INA because a "counterfeit" controlled substance under the Pennsylvania statute could describe a non-controlled substance that was packaged or labeled to resemble a controlled substance.

However, section 780-102(b) of the Pennsylvania statute defines "counterfeit" as:

> a controlled substance . . . which or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby is falsely purported or represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.

Based on this language, the BIA found that the term "counterfeit controlled substance" refers to a substance that includes at least some substance that it is prohibited. This interpretation is reasonable, particularly in light of the fact that the Pennsylvania controlled substance statute includes a separate section to cover ordinary substances that, although they may resemble a controlled substance, do not actually contain any

prohibited controlled substances.  BIA Op. at 2, citing 35 P.S. § 780-113(a)(35)(ii).  We find this interpretation of the Pennsylvania statute reasonable.  We therefore agree with the BIA's decision that because Clarke's conviction involved at least some prohibited controlled substance it fell within the ambit of INA § 241(a)(2)(B)(i).

Accordingly, for the reasons stated above, we affirm the decision of the BIA.