**15-582**
*Collymore v. Lynch*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

―――――――

August Term, 2015

(Argued: June 15, 2016     Decided: July 8, 2016)

Docket No. 15-582

―――――――

ROMMEL RICARDO COLLYMORE,

*Petitioner*,

−v.−

LORETTA E. LYNCH, United States Attorney General,

*Respondent*.

―――――――

Before:

STRAUB, WESLEY, and LIVINGSTON, *Circuit Judges*.

―――――――――――

Petitioner Rommel Ricardo Collymore seeks review of a January 30, 2015 order of the Board of Immigration Appeals affirming a decision of an immigration judge that found Collymore removable as an alien pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for a prior conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) (1997), which related to a federal controlled substance. Applying the categorical approach, we conclude that Collymore's conviction under the Pennsylvania statute, as it stood in 1997, is a controlled substance offense and **DISMISS** the petition for review for lack of jurisdiction to review the removability order.

―――――――――――

LEMAY DIAZ and ADINO BARBARITO, Law Students (Jonathan Romberg, Esq.; Christopher Capitanelli and Angelo Cerimele, Law Students, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, NJ, *for Petitioner*.[1]

JASON WISECUP, Trial Attorney, Office of Immigration Litigation, Civil Division (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and John W. Blakeley, Assistant Director, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent*.

―――――――――――

[1] The law students appeared pursuant to Local Rule 46.1(e). We wish to express our gratitude to the Seton Hall University School of Law Center for Social Justice for its *pro bono* legal representation and able handling of this matter.

WESLEY, *Circuit Judge*:

Petitioner Rommel Ricardo Collymore, a native and citizen of Barbados, and lawful permanent resident of the United States, seeks review of a January 30, 2015 final order of the Board of Immigration Appeals ("BIA") affirming a September 23, 2014 decision of an immigration judge ("IJ"), which denied Collymore's application for cancellation of removal. *See In re Rommel Ricardo Collymore*, No. A041 730 196, 2015 WL 1208086 (B.I.A. Jan. 30, 2015), *aff'g* No. A041 730 196 (Immig. Ct. N.Y. City Sept. 23, 2014). Collymore was found deportable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the basis of a prior conviction in 1997 under Title 35 of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act § 780-113(a)(30) (1997), which was determined to be a conviction that "relat[ed] to a [federal] controlled substance." *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Collymore's petition challenges that determination. For the reasons set forth below, we **DISMISS** the petition.

## BACKGROUND

Collymore received lawful permanent-resident status in the United States in April 1989. On December 8, 1997, Collymore was convicted of a violation of 35 Pa. Stat. Ann. § 780-113(a)(30) (1997)[2] in the Court of Common Pleas of Northampton County, Pennsylvania. On August 7, 2008, upon his return from a trip to Barbados, Collymore applied for admission as a returning lawful permanent resident. Thereafter, on August 3, 2010, the

---

[2] This statute was amended on January 24, 2000. Each reference hereinafter to § 780-113(a)(30) refers to the 1997 version of the statute under which Collymore was convicted.

3

Department of Homeland Security served Collymore with a Notice to Appear in immigration proceedings, charging him with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude and 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense.

During the removal proceeding, Collymore admitted the factual allegations concerning his criminal conviction but deferred to the IJ as to removability. On the basis of Collymore's admissions, the IJ sustained both charges, and Collymore immediately sought cancellation of removal as a lawful permanent resident. The IJ denied Collymore's application for relief but afforded him additional time to pursue post-conviction relief in Pennsylvania state court related to his 1997 conviction.[3] Collymore subsequently moved to terminate the removal proceedings on the basis that his conviction did not render him removable because his conviction was not categorically a controlled substance offense or a crime involving moral turpitude.

Thereafter, the IJ denied Collymore's motion to terminate and ordered him removed to Barbados. Specifically, the IJ determined that § 780-113(a)(30)—the statute under which Collymore was convicted—was not categorically a crime related to a federal controlled substance because, in the IJ's view, the Pennsylvania statute proscribed conduct that would not necessarily constitute a controlled substance offense under federal law. The IJ then relied on a Third Circuit decision, *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014), to conclude that the

---

[3] According to Collymore, his motion to vacate his 1997 conviction remains pending in Pennsylvania state court.

4

Pennsylvania statute was divisible and employed the modified categorical approach, in which it examined Collymore's record of conviction to determine whether his conviction was for a controlled substance offense recognized by federal law. The IJ observed, based on a docket transcript certified by the Pennsylvania state court, that Collymore's conviction related to cocaine, which is listed as a controlled substance under the Controlled Substances Act's ("CSA") schedules of controlled substances. *See* 21 U.S.C. § 812 (1997).[4] Accordingly, the IJ concluded that Collymore was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and further inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because an offense involving the possession of a controlled substance necessarily constituted a crime involving moral turpitude.

Collymore appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal. Like the IJ, the BIA determined that Collymore's conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) was not a categorical match to 8 U.S.C. § 1182(a)(2)(A)(i)(II), but that the Pennsylvania statute was divisible under *Abbott*. Like the IJ, the BIA found that the record reflected that Collymore's conviction involved cocaine, a federal controlled substance, and that he was consequently removable under § 1182(a)(2)(A)(i)(II), but the BIA did not reach the question of whether Collymore's conviction also qualified as a crime involving moral turpitude subject to removability under § 1182(a)(2)(A)(i)(I).

---

[4] The federal controlled substances schedules were amended on July 9, 2012. Each reference hereinafter to § 812 refers to the 1997 version of the federal drug schedules in effect at the time of Collymore's conviction.

Collymore filed a timely petition for review in this Court, challenging the determination of the BIA that a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) (1997) constitutes a violation of a law relating to a federal controlled substance for purposes of removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because we conclude that it does, we dismiss the petition.

## DISCUSSION

"Any alien who at any time after admission has been convicted of a violation of . . . any law . . . of a State, . . . relating to a controlled substance . . . is deportable" upon order of the Attorney General of the United States. 8 U.S.C. § 1227(a)(2)(B)(i). Although we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a [federal controlled substance] offense," 8 U.S.C. § 1252(a)(2)(C), "[w]e retain jurisdiction . . . to review the legal question . . . whether a conviction underlying an order of removal, or the denial of relief from an order of removal, constitutes a[] [controlled substance offense]," *Higgins v. Holder*, 677 F.3d 97, 100 (2d Cir. 2012) (per curiam). "The inquiry determines our jurisdiction: [i]f [Collymore's] conviction is a[] [controlled substance offense], we must dismiss the petition for lack of jurisdiction; if not, we may exercise jurisdiction and vacate the order of removal." *Oouch v. U.S. Dep't of Homeland Sec.*, 633 F.3d 119, 121 (2d Cir. 2011). Thus, "the jurisdictional issue merges with the merits, and we are therefore required to consider [Collymore's] substantive argument": that his Pennsylvania conviction is not a controlled substance offense under the Immigration and Nationality Act ("INA"). *Higgins*, 677 F.3d at 100.

6

## I.  LEGAL FRAMEWORK

In assessing whether a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) constitutes a controlled substance offense, "we use a categorical approach that looks to the elements of the penal statute rather than the particulars of the alien's conduct." *Oouch*, 633 F.3d at 122.  In doing so, we must determine "whether 'every set of facts violating [the state] statute' satisfies the criteria for removability" under the INA, mindful that "only the minimum criminal conduct necessary for a conviction is relevant." *Id.* (quoting *Abimbola v. Ashcroft*, 378 F.3d 173, 176 (2d Cir. 2004)). If, however, the Pennsylvania criminal statute is "divisible" into qualifying and non-qualifying removable offenses, we proceed "under a modified categorical approach to ascertain which class of criminal act furnished the basis for the defendant's conviction." *Id.* Where the statute is neither categorical nor divisible, though, "our inquiry is complete." *Id.*

## II.  COLLYMORE'S CONVICTION IS CATEGORICALLY A CONVICTION FOR A CONTROLLED SUBSTANCE OFFENSE[5]

On appeal, the parties maintain, as they did before the agency below, that Collymore's 1997 conviction under § 780-113(a)(30) does not categorically constitute a controlled substance offense because the Pennsylvania statute under which Collymore was convicted is not a categorical match to the grounds of removability under § 1182(a)(2)(A)(i)(II). That is, according to the parties, the IJ and BIA properly declined to apply the categorical approach because, in their view, some of the substances covered by the Pennsylvania law do not

---

[5] Because "the BIA has no interpretive responsibility over a state criminal statute, we review *de novo* its interpretation" of 35 Pa. Stat. Ann. § 780-113(a)(30) (1997). *See Oouch*, 633 F.3d at 122.

necessarily appear in the federal schedules of controlled substances. In their view, this means that the Pennsylvania statute criminalizes controlled substances that do not qualify as bases for removability under the INA, thereby precluding removability under the categorical approach.

We disagree; the crime for which Collymore was convicted in 1997 under § 780-113(a)(30) is categorically a federal controlled substance offense for purposes of the INA, resulting in Collymore's removability.

The 1997 version of the Pennsylvania statute in question prohibits the following acts:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa. Stat. Ann. § 780-113(a)(30). As noted, the INA treats as deportable "any alien convicted of . . . a violation of . . . any law . . . of a State . . . relating to a controlled substance" as defined by the CSA. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). The CSA makes it

> unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess

8

> with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a)(1)–(2).

Federal and Pennsylvania law confer similar meaning to the terms "counterfeit substance" (as used by the CSA) and "counterfeit controlled substance" (as used in the Pennsylvania statute). The CSA defines the term "controlled substance" to mean "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V" of the federal schedules of controlled substances, *id.* § 802(6), and describes a "counterfeit substance" as

> a controlled substance which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser,

*id.* § 802(7). Although Pennsylvania law provides no definition for the term "counterfeit controlled substance," it does contain separate definitions for the terms "counterfeit" and "controlled substance." It defines the term "controlled substance" to mean "a drug, substance, or immediate precursor" listed in the Pennsylvania schedules of controlled substances and defines the term "counterfeit" to mean

9

a controlled substance, other drug, device or cosmetic which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby is falsely purported or represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.

35 Pa. Stat. Ann. § 780-102. The BIA affirmed the IJ's conclusion that, because the Pennsylvania law also covered conduct involving "other drug[s]" and "cosmetic[s]" that were not necessarily prohibited federally by the CSA, *id.*, the Pennsylvania statute was broader than its federal counterpart and, as such, a conviction under § 780-113(a)(30) did not categorically constitute a crime relating to a federal controlled substance. That interpretation of the statute, however, is at odds with our duty to consider the most natural reading of the text and the context of the statute. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).

"[W]hen construing the plain text of a statutory enactment, we do not construe each phrase literally or in isolation. Rather, we attempt to ascertain how a reasonable reader would understand the statutory text, considered as a whole." *Id.* When the terms "counterfeit" and "controlled substance" are taken in isolation (as advocated by the IJ and BIA), the Pennsylvania statute's definition of the term

10

"counterfeit controlled substance" might be read more broadly. Under the most natural reading of these terms taken together, however, in the context of § 780-113(a)(30), the term "counterfeit" modifies the term "controlled substance," such that a "counterfeit controlled substance" encompasses only a *controlled substance* that, consistent with the definition, is mislabeled, such that it falsely purports or represents to be the product of a manufacturer, distributer, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance. *See* 35 Pa. Stat. Ann. § 780-102.

The Superior Court of Pennsylvania has reached the same conclusion regarding the range of conduct proscribed by § 780-113(a)(30). *See Commonwealth v. Mohamud*, 15 A.3d 80, 89 & n.23 (Pa. Super. Ct. 2010) ("A counterfeit controlled substance is defined in the Act as a controlled substance that is mislabeled such that [it] falsely purports to [be] the product of a manufacturer other than the manufacturer who created it." (citing 35 Pa. Stat. Ann. § 780-102)). This reading makes sense given that the focus of § 780-113(a)(30) is on controlled substances, not on substances that the Pennsylvania legislature has declined to criminalize under the Pennsylvania controlled substances schedules. Thus, the text of the Pennsylvania statute does not suggest that it might cast a wider net than that of the CSA.

Moreover, a comparison of the Pennsylvania and federal controlled substances schedules in effect in 1997, at the time of Collymore's conviction, *cf. Mellouli v. Lynch*, 135 S. Ct. 1980, 1987–88 (2015) (explaining that we are to compare the drug schedules that were enacted "[a]t the time of [the petitioner's] conviction"), reveals that the Pennsylvania schedules are not

11

broader than the federal schedules, as they criminalize the same substances.[6] *Compare* 35 Pa. Stat. Ann. § 780-104, *with* 21 U.S.C. § 812. That is, the 1997 version of the Pennsylvania statute under which Collymore was convicted is not categorically broader than the federal definition because all of the substances proscribed by the Pennsylvania law are also listed in the federal schedules of controlled substances in 21 U.S.C. § 802. Indeed, the Third Circuit has previously observed the same in a similar case under the INA. *See Clarke v. Ashcroft*, 100 F. App'x 884, 886 (3d Cir. 2004) ("The BIA found that all the illicit substances covered by the Pennsylvania statute are listed in the schedule of controlled substances in 21 U.S.C. § 802. It follows that any substance [the petitioner] was convicted of delivering under the Pennsylvania statute necessarily constitutes a violation of the Federal Controlled Substance Act referenced in INA § 241(a)(2)(B)(i).").

Notably, neither the IJ nor BIA took note of the Third Circuit's decision in *Clarke*. Rather, they relied instead on a more recent decision from the Third Circuit in *United States v. Abbott*, 748 F.3d 154 (3d Cir. 2014), for the proposition that the categorical approach does not apply to § 780-113(a)(30). But *Abbott* is readily distinguishable from the facts presently before

---

[6] In urging us that the Pennsylvania controlled substance schedules are broader than the federal schedules, Collymore argues that the Pennsylvania schedules list substances, such as peyote and salvia divinorum, that were not listed in the federal schedules. A review of the 1997 Pennsylvania and federal controlled substances schedules, however, reveals that neither statute prohibited salvia divinorum, *compare* 35 Pa. Stat. Ann. § 780-104, *with* 21 U.S.C. § 812, and both prohibited peyote, *compare* 35 Pa. Stat. Ann. § 780-104(iii)(11), *with* 21 U.S.C. § 812(c)(12). Indeed, in a post-argument letter to this Court, Collymore conceded this point.

us. *Abbott* involved a criminal sentencing appeal where the Third Circuit was tasked with determining whether § 780-113(a)(30) was divisible under the modified categorical approach for purposes of determining whether convictions under the Pennsylvania statute qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See* 748 F.3d at 156. Critical to that inquiry was the type of controlled substance at issue because the prescribed range of penalties imposed for violations of § 780-113(a)(30) varied based on its character. The identity of the drug involved in a defendant's conviction under the Pennsylvania statute, the *Abbott* Court determined, was therefore an element of the crime that had to be proven beyond a reasonable doubt. *Id.* at 159. Accordingly, the Third Circuit concluded that the statute included several alternative elements and was therefore divisible.[7] *Id.*

Unlike *Abbott*, however, the length of sentence in a criminal defendant's prior conviction has no bearing on the inquiry presently before us in an immigration removal proceeding. Moreover, *Abbott* concerned an assessment of the defendant's prior conviction against the ACCA, and therefore lends no support to Collymore's case because it did not involve a comparison between § 780-114(a)(30) and the CSA. The relevant question before us is whether the Pennsylvania and federal controlled substance and counterfeit controlled substance definitions categorically proscribe the same controlled substances. We have no difficulty in concluding that they do.

---

[7] The Supreme Court's recent decision in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *8 (U.S. June 23, 2016), does not purport to overrule or alter *Abbott*, nor does it have any bearing on the Pennsylvania statute at issue in this case.

Because we hold that Collymore's conviction under § 780-113(a)(30) was categorically a controlled substance offense under the INA at the time of his conviction in 1997, we need not reach the question of divisibility or apply a modified categorical approach in our analysis. *See Costa v. Holder*, 611 F.3d 110, 115 (2d Cir. 2010) (per curiam).

## CONCLUSION

We have considered the parties' remaining arguments and find them to be without merit. Because a conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) (1997) is categorically a conviction under a law relating to a federal controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i), we lack jurisdiction to review the removability order. *See* 8 U.S.C. § 1252(a)(2)(C). Accordingly, the petition for review is **DISMISSED**.

14