NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2401
_____

UNITED STATES OF AMERICA

v.

DANIEL PACHECO-MORALES,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 1-12-cr-00310-007)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2017
_____

Before: FISHER,[*] HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: July 14, 2017)
_____

OPINION[**]
_____

---

[*] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Daniel Pacheco-Morales ("Morales") appeals the District Court's order denying his motion to withdraw his guilty plea, and his judgment of conviction. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons set forth below, we will grant counsel's motion to withdraw and affirm the order of the District Court denying Morales's motion to withdraw his guilty plea, as well as the judgment of conviction.

## I. Background

On April 17, 2013, Morales was indicted on one count of conspiracy to distribute heroin, cocaine, and 280 grams of cocaine base, and a second count of possession with intent to distribute and distribution of the same drugs. On the morning of his scheduled trial, Morales pled guilty, with the understanding that the government would eliminate the allegation of the specified 280 grams of cocaine, which would have enhanced Morales's sentence.

Accordingly, the District Court conducted a change of plea proceeding, during which Morales waived his right to a jury trial, and acknowledged that he understood the charges and alleged facts against him.[1] Satisfied that Morales was competent and understood the consequences of his decision to plead guilty, the District Court accepted his plea.

---

[1] Because Morales is bilingual, a court interpreter was provided to ensure that Morales was able to understand the court's proceedings.

Nine days later, Morales filed a pro se motion to withdraw his guilty plea, requesting new counsel.  In his motion, Morales argued that he "was misinformed [by counsel] to sign a paper which unknowingly waived [his] rights."  (App. 38.)  In a single sentence, Morales stated that he "preserves his innocence."  *Id.*  He also filed a "Notice of Ineffective Counsel" alleging that he: "unwillingly entered a guilty plea;" was unaware of "any thing regarding the consequences of such a guilty plea;" was not "told by appointed counsel that [he] would be waiving important rights by signing . . . [the] guilty plea, or [that he] was in fact pleading guilty."  (App. 44.)  Further, he asserted in the motion that he "speak[s] very little English . . . and the translator . . . did not translate anything that had to do with the documents that [he] signed."  (App. 44.)  New counsel was appointed, and a motion to withdraw the guilty plea, restating Morales's prior claim that his plea was unknowing, was submitted.

The District Court denied the motion and Morales was sentenced.  The Presentence Report indicated that Morales had four prior convictions for heroin trafficking, which the sentencing judge determined "warrant[ed] [a] spike in the guidelines for the career offender status."  (App. 68.)

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In [*Anders v. California*], the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks

3

leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. Hence, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold; we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In accordance with Third Circuit Local Appellate Rule 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. 109.2(a)).

## IV. Analysis

Counsel's brief identifies two potentially appealable issues: whether the District Court improperly denied Morales's motion to withdraw his guilty plea and whether the District Court properly calculated Morales's sentencing guidelines range. Morales filed a pro se brief contesting his classification as a career offender, as well as claiming ineffective assistance of counsel.

Because, as discussed below, none of these issues is nonfrivolous, the motion to withdraw will be granted.

Morales argues that the District Court erred by denying his motion to withdraw his guilty plea. Pursuant to Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea, before sentencing, "if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A district court considers three factors in addressing a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). We review a district court's decision denying a motion to withdraw a guilty plea for abuse of discretion. *Id.*

First, Morales failed to support his assertion of innocence. A defendant who moves a court to withdraw a guilty plea must make a credible showing of innocence that is supported by a factual record. Consequently, "[b]ald assertions of innocence," without more, will not do. *Id.* at 252. Here, Morales simply stated that he "preserves his innocence." Beyond this statement, Morales has not offered any facts or further explanation to support an assertion of innocence. Thus, Morales has not meaningfully asserted his innocence.

Second, we are not persuaded by the strength of Morales's reason for withdrawing his plea. Morales argues that he should be allowed to withdraw his guilty plea because counsel "never [told him] that [he] was entering a guilty plea," and that counsel

5

"misinformed [him] to sign a paper which unknowingly waived [his] rights." (App. 44, 49.)

However, a review of the plea colloquy reflects that Morales was properly made aware that he was entering a guilty plea, and waiving his right to a jury trial. Morales was informed that the jury was ready to be seated, and that the trial would proceed as planned if he so desired. Morales responded that he understood and desired to enter a plea instead. The District Court then recited the charges and alleged facts against him, and Morales testified under oath that he understood them and had no contentions. Morales also testified that his counsel at the time had gone over the information with him. Any alleged error by counsel was corrected by the Rule 11 colloquy; thus, we find that the District Court did not abuse its discretion by denying Morales's motion to withdraw his plea.[2] Therefore, this argument presents no nonfrivolous issue for appeal.

Morales also argues that the District Court improperly classified him as a career offender. Specifically, Morales claims that the prior convictions considered by the District Court were too old; that the Pennsylvania controlled substance statute is overbroad, and therefore not divisible; that even if the statute is deemed divisible, the District Court did not have the proper *Shepard*[3] documents to determine the application

---

[2] Because Morales failed to provide factual support for his innocence or provide a justifiable reason for withdrawing his plea, the Government need not establish prejudice. *Jones*, 336 F.3d at 255 ("[T]he Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea.").

[3] In *Shepard v. United States*, the Supreme Court prohibited sentencing courts from consulting police reports or complaints in applying the Armed Career Criminal Act.

6

of the career offender enhancement; and that counsel was "constitutionally ineffective"

for failing to properly challenge the court's career offender classification. (Pro Se Br. 6.)

A defendant is considered a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.[4]

The District Court's consideration of the prior convictions was proper. First,

Morales's prior convictions were not too old. Included in the Presentence Report are four

of Morales's prior state convictions, which occurred in September 1996, December 1996,

February 1998, and December 2001. All the convictions were for violating

Pennsylvania's drug trafficking statute, 35 PA. CON. STAT. §780-113(a)(30). As noted

above, the defendant must have at least two prior felony convictions of a crime of

violence or a controlled substance offense. A "prior sentence of imprisonment exceeding

one year and one month that was imposed within fifteen years of the defendant's

commencement of the instant offense is" to be considered in determining whether the

_____

544 U.S. 13, 21 (2005). Rather, the Court held that courts are limited to considering "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

[4] Morales, born in 1972, was forty-one years old at the time of his indictment and he was sentenced for violating 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), which are controlled substance offenses. Accordingly, he does not contest the first two factors.

7

defendant is a career offender. U.S.S.G. § 4A1.2(e)(1). Morales's sentence for the February 1998 and December 2001 convictions exceeded one year and one month, and fell within the fifteen year time frame requirement, making them appropriate for consideration by the District Court. The only other question is whether the convictions were for controlled substance offenses.

Morales next argues that 35 PA. CON. STAT. §780-113(a)(30) is overbroad and therefore not divisible under the standards established in *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). We have already considered and rejected this argument, concluding that the relevant statute is divisible, and is therefore a controlled substance offense, because it "includes several alternative elements." *United States v. Abbott*, 748 F.3d 154, 159-160 (3d Cir. 2014) ("Pennsylvania's possession with intent to distribute statute, 35 Pa. Stat. Ann.§ 780–113(a)(30), is divisible."). Thus, this issue is not nonfrivolous.

Morales also argues that the District Court's "reliance on mere police reports" in its modified categorical approach analysis runs afoul of the standards set forth in *Shepard*. (Pro Se Br. 6). Although Morales failed to raise this objection below, a court of appeals reviews a forfeited claim not raised below for plain error. *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 162 (3d Cir. 2014). We find that there was no plain error. First, Morales has not provided any support for his claim that the District Court relied on police reports, or any other documents for that matter. Further, the government has presented proper documents that were available had Morales raised this issue in the District Court. Accordingly, this issue is not nonfrivolous.

8

Finally, Morales asserts that counsel was ineffective for failing to challenge the District Court's conclusion that he was a career offender. Although it is the practice of this Court to defer a claim of ineffective assistance of counsel to a collateral proceeding, it can be addressed "on direct appeal when the record is sufficient to allow determination of the issue." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The record here is insufficient to allow a ruling on Morales's claim. There was no hearing or ruling below on the issue that would allow the Court to properly review the issue on direct appeal. Morales may, however, raise his claim of ineffective assistance of counsel on collateral review.

Therefore, because Morales has identified no nonfrivolous issues, counsel's motion to withdraw will be granted. Pursuant to Third Circuit Local Appellate Rule 109.2(b), counsel is relieved of the obligation to file a petition for a writ of certiorari in the Supreme Court.[5]

---

[5] Judge Hardiman would have found counsel's *Anders* brief insufficient because, at the time the brief was filed, there was a colorable (if unpersuasive) argument that our holding in *United States v. Abbott*, 748 F.3d 154, 157–59 (3d Cir. 2014), was altered by the Supreme Court's analysis in *United States v. Mathis*, 136 S. Ct. 2243, 2251–54 (2016). While counsel did not identify this issue in his *Anders* brief, any such concerns are immaterial to our ultimate disposition: two months after counsel moved to withdraw, we confirmed that *Abbott*'s holding, as it relates to § 780–113(a)(30), survived *Mathis*. *See Singh v. Att'y Gen.*, 839 F.3d 273, 282-84 (3d Cir. 2016).