**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1961
_____

UNITED STATES OF AMERICA

v.

SAHBREE HURTT,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-21-cr-00172-009)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
May 7, 2024
_____

Before: PORTER, MONTGOMERY-REEVES, ROTH
*Circuit Judges*.

(Filed: June 24, 2024)
_____

Andrew J. Shubin
Shubin Law Office
310 S. Burrowes St.
State College, PA 16801

*Counsel for Appellant*

Christian T. Haugsby
Carlo D. Marchioli
Office of the United States Attorney
1501 N. 6th St., 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PORTER, *Circuit Judge*.

Sahbree Hurtt was convicted of a drug-related offense. The District Court determined that his prior convictions for aggravated assault and drug trafficking constitute a "crime of violence" and "controlled substance offense," respectively, under the U.S. Sentencing Guidelines ("USSG"). As a result, Hurtt qualified as a "career offender" under the USSG, and the District Court imposed corresponding sentencing enhancements. For the reasons that follow, we will affirm.

# I

In December 2022, Hurtt pleaded guilty to possession of heroin, fentanyl, and cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). The U.S. Probation Office's presentencing report ("PSR") stated that Hurtt had two prior convictions in Pennsylvania qualifying him as a career offender under the USSG: (1) a conviction for an aggravated assault, a violation of 18 Pa. Cons. Stat. Ann. § 2702(a), and (2) a conviction for trafficking cocaine base and heroin, a violation of 35 Pa. Stat. Ann. § 780-113(a)(30). Hurtt objected to his status as a career offender, contending that neither conviction constituted a career-offender predicate.

The government presented judicial records from Hurtt's prior convictions detailing his statutory offenses. For Hurtt's aggravated assault conviction, the government submitted Hurtt's written plea colloquy and multiple sentencing orders indicating that Hurtt was convicted specifically under subsection (a)(6) of Pennsylvania's aggravated-assault statute. And for Hurtt's drug-tracking conviction, the government submitted Hurtt's written plea colloquy indicating that his conviction involved possession of cocaine base with intent to deliver.

The District Court determined that Hurtt had prior convictions under § 2702(a)(6) and § 780-113(a)(30), the latter as it relates only to possession of cocaine base with intent to deliver. And it determined that Hurtt qualifies as a career offender under the USSG because his convictions qualify as a "crime of violence" and "controlled substance offense," respectively. It then imposed corresponding enhancements and sentenced Hurtt to 120 months' imprisonment. Hurtt appealed, challenging his status as a career offender.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "Whether a conviction constitutes a predicate career offender offense under the [USSG] is a question of law subject to plenary review." *United States v. Womack*, 55 F.4th 219, 236 (3d Cir. 2022).

## III

Under the USSG, a defendant is subject to certain sentencing enhancements if he qualifies as a "career offender." USSG § 4B1.1(b). "A defendant is career offender if . . . [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).[1]

"Ordinarily, to determine whether a prior conviction qualifies as a crime of violence or controlled substance offense, we apply [the] categorical approach." *United States v. Williams*, 898 F.3d 323, 333 (3d Cir. 2018). "We consider only the elements of the crime of conviction and assess whether they fall within the bounds of a crime of violence or controlled substance offense, as defined under the [USSG]." *Id.* "If the statute of conviction has the same elements as the [USSG's definitions], . . . then the prior conviction is a categorical match

---

[1] To qualify as a career offender, a defendant must also be "at least eighteen years old at the time [he] committed the instant offense of conviction" and the "instant offense of conviction [must be] a felony that is either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Hurtt does not dispute that those elements are satisfied.

4

and can serve as a predicate offense." *United States v. Brasby*, 61 F.4th 127, 134 (3d Cir. 2023). But "if the statute sweeps more broadly than the [USSG's definitions], then a conviction under that statute cannot serve as a predicate offense." *Id.*

Under limited circumstances, we may apply a variant of the categorical approach known as the "modified categorical approach." *Id.* This approach applies when a defendant's statute of conviction describes "multiple crimes," rendering the statute "divisible." *Id.* (internal quotation marks and quoted source omitted). In that case, we may review "a restricted set of documents"—referred to as *Shepard* documents—"to identify the specific statutory offense that provided the basis for the prior conviction." *Id.* (internal quotation marks and quoted source omitted); *see Shepard v. United States*, 544 U.S. 13, 26 (2005). We then apply the categorical approach, comparing the elements of the offense to the USSG's definitions of "crime of violence" and "controlled substance offense." *Brasby*, 61 F.4th at 134.

## A. Hurtt's Aggravated-Assault Conviction Constitutes a "Crime of Violence."

Hurtt argues that his prior conviction under Pennsylvania's aggravated-assault statute, 18 Pa. Cons. Stat. Ann. § 2702(a), does not constitute a "crime of violence" under the USSG. Section 2702(a) contains nine different subsections, each "criminaliz[ing] different conduct." *United States v. Ramos*, 892 F.3d 599, 609 (3d Cir. 2018). Hurtt does not dispute that § 2702(a) is "divisible" and subject to the modified categorical approach. *Id.* at 610 (holding that § 2702(a) is "divisible"). Instead, he contends that *Shepard* documents do not clearly indicate which subsection of § 2702(a) that he violated and, even if they do, his statutory offense is not a

categorial match to the USSG's definition of a "crime of violence." Neither argument has merit.

First, we agree with the District Court that Hurtt violated subsection (a)(6) of Pennsylvania's aggravated-assault statute. To make this determination, we may consult "judicial records of the convicting court." *United States v. Bentley*, 49 F.4th 275, 291 (3d Cir. 2022). These records include "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Ramos*, 892 F.3d at 607 (internal quotation marks and quoted source omitted). Importantly, they also include the convicting court's sentencing orders. *United States v. Henderson*, 841 F.3d 623, 631 (3d Cir. 2016) (stating that "the District Court properly looked to [the defendant's] . . . sentencing order"); *see Shepard*, 544 U.S. at 26 (holding that courts may consult "the charging document . . . or . . . some *comparable judicial record* of this information") (emphasis added). The records must "speak plainly" to what specific offense the defendant violated. *Henderson*, 841 F.3d at 631 (internal quotation marks and quoted source omitted).

Here, the government presented evidence of Hurtt's written plea colloquy, which described his aggravated-assault conviction as a second-degree felony. Section 2702(a)(6) constitutes a second-degree felony under Pennsylvania law. 18 Pa. Cons. Stat. Ann. § 2702(b). The government also presented the convicting court's sentencing order and its revised sentencing order revoking Hurtt's parole. Each document expressly states that Hurtt violated § 2702(a)(6). So, taken together, these *Shepard* documents speak plainly to Hurtt's conviction under § 2702(a)(6).

6

Second, we agree with the District Court that Hurtt's conviction under § 2702(a)(6) constitutes a "crime of violence" under USSG § 4B1.2(a)(1). Section 2702(a)(6) reads: "A person is guilty of aggravated assault if he . . . attempts by physical menace to put any . . . officers [or other statutorily listed individuals] . . . in fear of imminent serious bodily injury." Section 4B1.2(a)(1) defines "crime of violence" as "any [felony] offense under federal or state law . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person of another."[2]

In *Singh v. Gonzales*, we considered whether a subsection of Pennsylvania's simple-assault statute, 18 Pa. Cons. Stat. Ann. § 2701(a)(3), constitutes a "crime of violence" within the meaning of 18 U.S.C. § 16(a). 432 F.3d 533 (3d Cir. 2006). Like § 2702(a)(6), § 2701(a)(3) prohibits any "attempt[] by physical menace to put [an individual] in fear of imminent serious bodily injury." And like § 4B1.2(a)(1), § 16(a) defines "crime of violence" in part as any "offense that has as an element the use, attempted use, or threatened use of physical force against the person . . . of another." We explained that, in order to violate § 2701(a)(3), an individual must engage in some "physical act" committed with "a mental state of specific intent" to "threaten another with corporeal harm." *Singh*, 432 F.3d at 539. We then concluded that there is no "conceiv[able] . . . situation" where a violation of § 2701(a)(3) "would not, at the very least, constitute the attempted or threatened use of physical force" under § 16(a). *Id.* at 540.

---

[2] The USSG also defines "crime of violence" based on certain enumerated offenses. USSG § 4B1.2(a)(2). That alternative definition is not at issue here.

Our decision in *Singh* compels the conclusion that § 2702(a)(6) and § 4B1.2(a)(1) are a categorical match. Section 2702(a)(6) and § 2701(a)(3) are nearly identical, and thus we construe them in the same manner. *See United States v. Dawson*, 32 F.4th 254, 263 (3d Cir. 2022) (stating in the context of the categorical approach that "when similar language is used in related statutes in functionally equivalent ways, we presume the same meaning applies"). As with § 2701(a)(3), we understand § 2702(a)(6) to require, at a minimum, some "physical act" with the "mental state of specific intent" to "threaten [an officer or other statutorily listed individual] with corporeal harm." *Singh*, 432 F.3d at 539. And like our categorical comparison between § 2701(a)(3) and § 16(a), "[w]e cannot reasonably conceive of [any] situation" where a defendant could violate § 2702(a)(6) without, at the very least, engaging in "the attempted or threatened use of physical force" against the person of another under § 4B1.2(a)(1). *Id.* at 540. Accordingly, we conclude that Hurtt's conviction under § 2702(a)(6) constitutes a "crime of violence" under § 4B1.2(a)(1) and is a career-offender predicate.

## B. Hurtt's Drug Conviction Constitutes a "Controlled Substance Offense."

Hurtt argues that his prior conviction under Pennsylvania's drug-trafficking statute, 35 Pa. Stat. Ann. § 780-113(a)(30), does not constitute a "controlled substance offense" under the USSG. Section 780-113(a)(30) prohibits the "manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." An individual may be convicted under § 780-113(a)(30) in multiple ways, "depend[ing] on the type of controlled substance" at issue in the offense. *United States v. Abbott*, 748 F.3d 154, 158 (3d Cir.

2014). Again, Hurtt does not dispute that § 780-113(a)(30) is "divisible" and subject to the modified categorical approach. *Id.* (finding that § 780-113(a)(30) is "divisible"). Instead, he argues that *Shepard* documents do not clearly identify which controlled substance was at issue in his offense, and even if they do, his offense is not a categorical match to the USSG's definition of a "controlled substance offense." We again find no merit to either argument.

First, we agree with the District Court that Hurtt violated § 780-113(a)(30) for possession of cocaine base with intent to deliver. Hurtt's PSR states that "[he] possessed . . . cocaine base (crack) in a quantity sufficient to indicate intent to deliver." SA203. The government then presented evidence of Hurtt's written plea colloquy from his state-court proceedings, which states that Hurtt "poss[essed] with int[ent] to . . . deliver [the] controlled substance—crack." SA111. The District Court properly relied on this *Shepard* document. *Ramos*, 892 F.3d at 607 (stating that a written plea colloquy is a permissible *Shepard* document). And it "speak[s] plainly" to Hurtt's conviction under § 780-113(a)(30) for possession of cocaine base with intent to deliver. *Henderson*, 841 F.3d at 631 (internal quotation marks and quoted source omitted).

Second, we agree with the District Court that Hurtt's conviction under § 780-113(a)(30) constitutes a "controlled substance offense" under USSG § 4B1.2(b)(1). Pennsylvania's drug-trafficking statute punishes "possession [of cocaine base] with intent to . . . deliver" with a maximum imprisonment of ten years. § 780-113(a)(30); 35 Pa. Stat. Ann. § 780-113(f)(1.1). Section 4B1.2(b)(1) defines "controlled substance offense" as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . .

9

prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."

In *United States v. Glass*, we held that "§ 780-113(a)(30) does not sweep more broadly than § 4B1.2 . . . and may serve as a predicate offense." 904 F.3d 319, 324 (3d Cir. 2018). That includes convictions under § 780-113(a)(30) when the controlled substance at issue is cocaine base. *Id.* (holding that Glass's conviction under § 780-113(a)(30) for "manufacturing, delivering, or possessing cocaine" was a "controlled substance offense"). Accordingly, Hurtt's conviction under § 780-113(a)(30) for possession of cocaine base with intent to deliver constitutes a "controlled substance offense" under § 4B1.2(b)(1).

Nevertheless, Hurtt argues that his cocaine-based offense under § 780-113(a)(30) is not a categorical match to § 4B1.2(b)(1) because Pennsylvania law defines "cocaine" broader than federal law. However, we recently rejected this very argument, holding that, under § 4B1.2(b)(1), "a 'controlled substance' . . . is a drug regulated by *either* state or federal law." *United States v. Lewis*, 58 F.4th 764, 771 (3d Cir. 2023) (emphasis added). So whether Pennsylvania law defines "cocaine" broader than federal law is "irrelevant." *Id.*

Hurtt further argues that § 780-113(a)(30) is broader than § 4B1.2(b)(1) because § 780-113(a)(30) prohibits the "administering" of a controlled substance, while federal law does not. Once again, however, we already rejected this argument, holding that § 780-113(a)(30) "say[s] nothing about prohibiting the administration of controlled substances" and in fact "expressly *excludes* the possibility that 'administering' . . . falls within its scope." *Womack*, 55 F.4th at 239 (emphasis added). So Hurtt's argument again lacks merit.

10

\*    \*    \*

The District Court properly concluded that Hurtt qualifies as a career offender under the USSG because his prior convictions under § 2702(a)(6) and § 780-113(a)(30) constitute a "crime of violence" and "controlled substance offense," respectively. We will therefore affirm the District Court's judgment.