BLD-036                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2485
_____

UNITED STATES OF AMERICA

v.

DAVID COBB, a/k/a SWEAT,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. Action No. 2:09-cr-00733-002)
District Judge:  Honorable John F. Murphy
_____

Submitted for Possible Dismissal as Untimely and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2024
Before:  SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: February 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Cobb, a federal prisoner proceeding pro se, appeals an order of the District Court denying his motion for compassionate release from prison. For the reasons that follow, we will affirm.

In 2010, Cobb was convicted of conspiracy to distribute cocaine and possession with the intent to distribute cocaine. The District Court sentenced Cobb to 288 months in prison. We affirmed the judgment on direct appeal. United States v. Cobb, 483 F. App'x 719, 721 (3d Cir. 2012) (non-precedential).

In February 2024, Cobb filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to reduce a sentence for "extraordinary and compelling reasons." Cobb relied on the following amendment to the Sentencing Guidelines Policy Statement applicable to sentence reductions under § 3582(c)(1)(A)(i):

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023).

The District Court ruled that this amendment did not override our precedent holding that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021). It thus held that the length of Cobb's sentence did not warrant a sentence reduction. The District Court also decided that there had been no change in law impacting Cobb's sentence, that his argument that there was a disparity between his

sentence and the sentences of other defendants was not an adequate basis for relief, and that his rehabilitation efforts could not alone support a reduction in his sentence. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the District Court's decision for abuse of discretion. United States v. Rutherford, 120 F.4th 360, 369 n.13 (3d Cir. 2024). We may summarily affirm when an appeal does not raise a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P 10.6.

To the extent Cobb argued that the length of his sentence and the amount of time he has served constituted an extraordinary and compelling reason for his release, as the District Court recognized, we held to the contrary in Andrews. In addition, the amended Policy Statement applies when there has been a change in the law impacting a prisoner's sentence.[2] Cobb argued below that he no longer qualified as a career offender because he did not have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." See U.S.S.G. § 4B1.1(a). He asserted that the federal Controlled Substances Act was amended in 2015 to exclude Ioflupane from the definition of cocaine, and that, because the federal definition of cocaine was now narrower than the

---

[1] The Government has not objected to the timeliness of Cobb's appeal, and we will not dismiss it as untimely. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Cobb's motion to extend the time for filing his notice of appeal is dismissed.

[2] We held in Rutherford that changes to 18 U.S.C. § 924(c) could not be considered in determining compassionate release eligibility because Congress made those changes nonretroactive. Rutherford, 120 F.4th at 376. We did not hold that a change in law could never be considered. Id. at 377 & n.23.

definition under Pennsylvania law, his prior Pennsylvania drug offense would not count as a predicate offense under the categorical approach.[3]

We have held, however, that it is irrelevant whether Pennsylvania law defines cocaine more broadly than federal law because, for purposes of the career offender guideline, a controlled substance "'is a drug regulated by *either* state or federal law.'" United States v. Hurtt, 105 F.4th 520, 526 (3d Cir. 2024) (quoting United States v. Lewis, 58 F.4th 764, 771 (3d Cir. 2023) (emphasis added)). Cobb's argument thus lacks merit. Insofar as Cobb asserted that there is a disparity between his sentence and defendants who are sentenced today, he did not show that a change in law impacts his sentence.

Cobb also argued that a disparity between his sentence and his co-defendant's (his brother's) sentence warranted a reduction in his sentence. Like Cobb, his brother was sentenced to 288 months in prison. His brother, however, was granted collateral relief and resentenced to 180 months in prison in 2016. As Cobb acknowledges, his brother was resentenced due to his counsel's ineffective assistance. The District Court ruled that counsel misadvised his brother as to his sentencing exposure, and that there was a reasonable probability that his brother would have pleaded guilty had he known his true exposure and would have received a lesser sentence. United States v. Cobb, 110 F. Supp. 3d 591, 598-601 (E.D. Pa. 2015). Cobb's brother also was not a career offender. To the extent a disparity based on the resentencing of a co-defendant may constitute an

_____

[3] Cobb's motion for compassionate release did not clearly identify the basis of his challenge to his career offender status. In his reply to the Government's response, he clarified his argument.

4

extraordinary and compelling reason for compassionate release, Cobb has not shown that

he is similarly situated to his brother such that there is a sentencing disparity.[4]

Finally, we agree with the District Court that Cobb's rehabilitation efforts cannot

alone establish an extraordinary and compelling reason for his release. See U.S.S.G.

§ 1B1.13(d).

Accordingly, we will summarily affirm the judgment of the District Court.

---

[4] Cobb previously moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on his brother's resentencing. The District Court ruled that it lacked jurisdiction because § 3582(c)(2) only applies when a sentencing range has been lowered. The Court noted that Cobb's case did not involve ineffective assistance of counsel, which was the basis for his brother's resentencing. See DCT ECF 312.